[No. A026115. First Dist., Div. Three. Apr. 23, 1985.]

YVONNE JENKINS, Plaintiff and Appellant, v.
COUNTY OF CONTRA COSTA et al., Defendants and Respondents.

## COUNSEL

Allan M. Tabor and Ryan, Tabor & Tabor for Plaintiff and Appellant.

Judy S. Craddick, Craddick, Candland & Conti and Richard G. Logan for Defendants and Respondents.

## OPINION

**MERRILL, J.**—On March 25, 1983, appellant Yvonne Jenkins (Jenkins) filed a complaint against the County of Contra Costa, Contra Costa County Hospital, Dr. Arnold Borgiano and fictitious defendants, for medical malpractice in her care and treatment which occurred on June 22, 1981. Respondents Contra Costa County Hospital and County of Contra Costa demurred to the complaint. The demurrer was sustained with leave to amend. Jenkins' first amendment to complaint, filed October 3, 1983, was also demurred to by respondents.

On the basis that the complaint did not comply with the applicable claim statutes for claims against public entities, Government Code, section 900 et seq.,[1] the trial court sustained the demurrer to the amended complaint without leave to amend and dismissed the action with prejudice. Subsequently, Jenkins filed a motion to reconsider which was denied. She appeals.

### I

On June 22, 1982, Jenkins presented a claim *and* an application for leave to present a late claim with the Contra Costa County Board of Supervisors (County). In her claim Jenkins alleges that, as a result of the negligence of the respondents, her vocal cords were impaired. The County's response was to deny the application for leave to present a late claim on July 25, 1982. The County did not specifically reject the claim.[2]

---

[1] All section references are to the Government Code unless otherwise indicated.

[2] The form the County used to notify claimant of the status of her claim has two boxes to check; one for rejection of the claim, the other for denial of the late claim application. The latter was checked but the former was not checked.

Presentation of a personal injury claim to the appropriate public entity must be made within 100 days of the "accrual" of the cause of action. (§§ 911.2, 905.) If the public entity has rejected this claim in writing, the claimant must commence an action in superior court within six months of such written notice of rejection. (§ 945.6, subd. (a)(1).) On the other hand, the claimant has two years from the "accrual" of the cause of action to file a lawsuit if the public entity has not provided written notice. (§ 945.6, subd. (a)(2).) Written notice shall be given in a precise manner. (§ 913.) "Accrual" as used in these sections is the date upon which the cause of action would be deemed to have accrued within the meaning of the applicable statute of limitations. (§ 901.) ■ Accrual of a medical malpractice cause of action occurs when the plaintiff has knowledge of the injury and its negligent cause. (*Wozniak* v. *Peninsula Hospital* (1969) 1 Cal.App.3d 716, 722 [82 Cal.Rptr. 84].) Jenkins' claim accrued on June 1, 1982, when she alleges she learned of her vocal cords injury and its cause.

Jenkins filed her complaint in the superior court on March 25, 1983, alleging that her negligent care and treatment took place on or about June 21, 1981. She may have been the cause of some confusion by failing to allege in this initial complaint that she did not learn of the cause of injury until June 1, 1982. A reader of the initial complaint could well be under the impression that a need had existed to present an application for leave to file a late claim when in fact there was no necessity to present such an application.

The complaint, as amended on October 3, 1983, makes the following allegations: that Dr. Borgiano, acting within the scope of his employment as a doctor at the Contra Costa County Hospital, undertook the care and treatment of Jenkins; that such care and treatment were negligently performed; that Jenkins suffered physical and emotional injury as a proximate result; that Jenkins filed a claim with the County on June 21, 1982; that said claim was rejected by operation of law; and, that Jenkins first learned of the injury and its cause on June 1, 1982, when she was informed by a doctor that her vocal cords had been severed as a result of her June 1981 surgery by respondents.

## II

■ Jenkins asserts that the trial court's dismissal of the action was an abuse of discretion since she has fully complied with the applicable Government Code provisions for the presentation and rejection of claims. She contends that the filing of her complaint within nine months of the accrual of her cause of action is within the two-year limitation set forth in section 945.6, subdivision (a)(2), and therefore timely, as her claim was never

rejected in writing. Respondents argue that the six-month time period in which to file a complaint applies, as the written rejection of the application for leave to present a late claim also constituted written rejection of the claim. Respondents' contention is that when a claim is presented and at the same time an application for leave to file a late claim is presented, the public entity is entitled to believe it is only being requested to act on the application for leave to file a late claim. We find no merit in the position of the respondents.

▪ A public entity cannot assume that a claim is not timely presented just by the fact that a claim and an application for leave to file a late claim are presented at the same time. To assure itself that the six-month period will apply, it is necessary to give specific written notice of the rejection of the claim.

In *Wheeler* v. *County of San Bernardino* (1978) 76 Cal.App.3d 841 [143 Cal.Rptr. 295], the court decided a similar question. The claimant in *Wheeler* presented the County with a claim attached to a request for leave to file a late claim. As the claim was timely filed, the request for leave to present late claim was unnecessary. The County responded with a form which denied the request for leave to present the late claim but did not expressly reject the claim. (*Id.*, at p. 847.) The court found it "readily apparent that this notice was not intended to be a rejection of the claim." (*Id.*, at p. 848.) Thus, it could not be construed as such and the County was estopped from relying on the notice to trigger the six-month statute of limitations of section 945.6, subdivision (a)(1). The two-year statute of limitations of section 945.6, subdivision (a)(2) applied as the County did not expressly reject the claim. (*Wheeler* v. *County of San Bernardino, supra,* 76 Cal.App.3d at pp. 846-848.) ▪ The two-year statute of limitations is applicable where the rejection of a claim is not in compliance with the requirements of section 913 which sets forth the manner in which written notice is to be given. (*Scott* v. *County of Los Angeles* (1977) 73 Cal.App.3d 476, 482 [140 Cal.Rptr. 785].)

▪ Likewise in the instant case, Jenkins presented the County with a timely claim and an unnecessary application for leave to present a late claim. County's written notice to Jenkins only rejected the application. The claim itself was never rejected in writing as required by the Government Code. Noncompliance with these provisions allowed Jenkins two years from the time her cause of action accrued to file her complaint. Her filing of a complaint in March 1983 was well within the two-year period. Her complaint is not barred.

Respondents' argument that reversal of the order would place an undue burden on public entities, requiring them to discern whether they should

respond to the application or to the claim, is unavailing. As the *Wheeler* court noted, the presentation of a timely claim, which is in substantial compliance with the claims statutes, is sufficient to put a public entity on notice. The purpose of the claims statute is to allow the public entity to investigate the claim and to decide whether to litigate or settle it.

In the action before us, the claim and the complaint were timely filed and the complaint states a cause of action upon which relief may be granted. The judgment of dismissal is reversed with directions to the trial court to overrule the demurrer and to require respondents to answer within such time as the court may fix.

White, P. J., and Scott, J., concurred.