[No. B059838. Second Dist., Div. Two. Mar. 11, 1993.]

ELIZABETH SCHMIDT, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT, Defendant and
Respondent.

**COUNSEL**

William A. Francis for Plaintiff and Appellant.

Nouskajian & Cranert and Terrence L. Cranert for Defendant and Respondent.

**OPINION**

**NOTT, J.**—Appellant Elizabeth Schmidt appeals from a judgment entered against her following the grant of a motion by respondent Southern California Rapid Transit District for judgment on the pleadings.

In a twist from the usual circumstance, this case involves a situation in which appellant complied with the filing deadlines requisite in making a claim against respondent, but did not file suit within one year of the injury.

The issue to be resolved is whether, in a claim against a public entity for personal injuries (not involving negligence of a health care provider), a claimant is required to comply with the time limitation provisions of *both* the Government Code and the Code of Civil Procedure. We hold that compliance with the Government Code is sufficient.

## FACTS

Appellant is now 88 years old. She was allegedly injured on December 28, 1988, while riding on respondent's bus. She states in her complaint that the bus lurched forward as she was rising, causing her to fall to the floor and break her hip.

On June 27, 1989, one day short of the six-month filing requirement of Government Code section 911.2, appellant filed a claim with respondent.[1] The claim was denied on July 6, 1989, with the caveat that "[s]ubject to certain exceptions, you have only 6 months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6"[2]

Thereafter, on January 2, 1990, appellant filed her complaint for personal injuries. Respondent filed an answer and later brought a motion for judgment on the pleadings. In granting the motion, the trial court found that the provisions under the applicable government tort claim statutes did not extend the general one-year statute of limitations for personal injury actions under Code of Civil Procedure section 340.[3]

## DISCUSSION

Section 945.6 provides, in pertinent part: ". . . [A]ny suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced . . . not later than six months after the date such notice is personally delivered or deposited in the mail."[4]

The combined effect of sections 911.2 and 945.6 is that a claim for a personal injury action against a public entity must be presented within six

---

[1]Government Code section 911.2 provides in pertinent part: "A claim relating to a cause of action for death or injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action."

All statutory references are to the Government Code unless otherwise stated.

[2]That statement is consistent with the language recommended by section 913 for denial of a claim.

[3]That section provides for a one-year limitation for "(3) [a]n action . . . for injury . . . caused by the wrongful act or neglect of another. . . ."

[4]The full applicable text of section 945.6 is: "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commenc-

months of the injury; and if the claim is denied, suit must be filed within six months of the date of denial. In most cases, a party or counsel will not wait until the last day to file a claim or a complaint. Here, however, counsel delayed presenting the claim until the last day, and then waited virtually a full six months before filing the complaint.[5] As a consequence, the complaint was filed in compliance with section 945.6, but not within the one year required by Code of Civil Procedure section 340.

As respondent correctly notes, this situation could not have arisen prior to the 1987 amendment of section 911.2. The pre-1987 statute required that a claim for damages be filed within 100 days of the accrual of the cause of action. Under section 912.4, the public entity is required to act on the claim within 45 days. If the claim was timely denied, the party had six months to file a complaint. Therefore, in a worst-case scenario, the maximum times used to be 100 days + 45 days + 182 days = 327 days.[6] Accordingly, the one-year time limit of Code of Civil Procedure section 340 was never in conflict, since there was no way to exceed section 340 while complying with the Government Code.

Under the current statutes, however, the same is not true. A claimant now has 6 months (instead of 100 days) under section 911.2, plus the 45 days of section 912.4, and the 6 months of section 945.6, for a potential total time of 1 year and 45 days. Obviously, as has occurred in this case, it is now possible for Code of Civil Procedure section 340 to come into play. Quite naturally, the parties disagree as to whether it should.

In a classic case of wanting the best of both worlds, respondent contends that not only is it entitled to the protection of the Government Tort Claims Act, it is also entitled to the benefit of Code of Civil Procedure section 340. Respondent argues that compliance with sections 911.2 and 945.6 should not relieve appellant from her duty to comply with Code of Civil Procedure section 340. Respondent reasons that the overall policy of the Government Tort Claims Act (§ 900 et seq.), is to limit, not expand, governmental

ing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail. (2) If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action. . . ."

[5] Counsel's high-wire act continued during the appellate process. The notice of appeal was filed on the very last day possible, and the appeal was dismissed once for appellant's failure to file an opening brief, despite several extensions.

[6] The foregoing example assumes that the public entity communicated a written denial. As mentioned (and as is discussed, *post*), if there is no written denial within 45 days of the date the claim was filed, section 945.6, subdivision (a)(2) provides that a claimant has 2 years from the date the cause of action arose to file suit.

liability. Further, respondent hypothesizes that the Legislature did not intend to extend the statute of limitations for a personal injury case beyond that which a claimant would have if suing a nongovernmental entity. Finally, respondent claims that we should adopt a "bright-line" rule that harmonizes the statutes by requiring personal injury claimants to file their lawsuits within six months of the date of rejection, but in no event beyond one year of the accrual of the cause of action. We intend to adopt a bright-line rule, but not the one suggested by respondent.

*Rules of Statutory Construction*

In deciding this case, we must be alert to some time-honored rules of statutory construction. ■ First, it is assumed that the Legislature has existing laws in mind at the time that it enacts a new statute. (*Estate of McDill* (1975) 14 Cal.3d 831, 837 [122 Cal.Rptr. 754, 537 P.2d 874].) We therefore expect that the Legislature was aware of Code of Civil Procedure section 340 at the time it amended section 911.2.

■ Where possible, the goal of the courts is to achieve harmony between conflicting laws (14 Cal.3d at p. 837), and avoid an interpretation which would require that one statute be ignored. (*Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449].) However, equally important are the familiar postulates that we should give effect to the more recently enacted law (*ibid.*), and that a specific statute relating to a particular subject will govern over a general one. (*Young* v. *Haines* (1986) 41 Cal.3d 883, 897 [226 Cal.Rptr. 547, 718 P.2d 909].) Obviously, the provisions of sections 911.2 and 945.6 are both more recent and specific than Code of Civil Procedure section 340.

*Existing Case Law*

Although there are no reported California decisions on point, there are two cases that provide helpful insight into the relationship between the statutes under our consideration.

*Jenkins* v. *County of Contra Costa* (1985) 167 Cal.App.3d 152 [213 Cal.Rptr. 126] involved a medical malpractice claim against a county hospital. A year after her treatment, on the basis of late discovery (and in the mistaken belief that her claim was already tardy), the plaintiff requested leave to file a late claim. The county denied the late claim application but not the claim itself. Suit was then filed one year and nine months after the medical treatment, but within nine months of the time she allegedly became aware of the negligence. The appellate court held that the claim was timely;

the rejection of the claim was defective; and since the claim itself was never properly denied, the plaintiff had two years to file suit under section 945.6, subdivision (a)(2).

In *Anson* v. *County of Merced* (1988) 202 Cal.App.3d 1195 [249 Cal.Rptr. 457], the plaintiff's claim for medical malpractice was both timely filed and rejected. The problem centered around the plaintiff's compliance with Code of Civil Procedure section 364, which requires a 90-day notice to the health care provider prior to filing suit. The county gave notice of rejection on June 24, 1986. The plaintiff filed her 90-day notice on December 23, 1986, and her complaint on March 23, 1987. On appeal, it was held that "[t]he legislative intent behind the two statutes of limitations, coupled with long-standing principles of statutory construction, requires the conclusion that the six-month statute of limitations of Government Code section 945.6 controls over the one-year statute of limitations of Code of Civil Procedure section 340.5 in actions for medical negligence brought against a governmental entity."[7] (202 Cal.App.3d at p. 1202.)

### Origins of the Tort Claims Act

In *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], the California Supreme Court obliterated governmental tort immunity, calling the concept "an anachronism, without rational basis" that has "existed only by the force of inertia," and has "become so riddled with exceptions, both legislative . . . and judicial . . . and the exceptions operate so illogically as to cause serious inequality." (*Id.* at p. 216.) In response, the Legislature enacted section 810 et seq., informally known as the Government Tort Claims Act (the Act). The statutes comprising the Act consist of a comprehensive format specifying the parameters of governmental liability,[8] including, as we have already touched on, a detailed procedure for the advance filing of a claim as a prerequisite to filing suit. Further, as to both the filing of claims and the commencement of litigation, the Act sets forth time deadlines different from those in the general statutes of limitation.

---

[7]However, in ultimately ruling in favor of plaintiff, the appellate court held that the initial claim did not constitute notice under Code of Civil Procedure section 364, and that compliance with section 364 resulted in a 90-day extension of section 945.6. Code of Civil Procedure section 364 says: "If the notice is served within 90 days of the expiration of the *applicable* statute of limitations, the time for commencement of the action shall be extended 90 days from the service of the notice." (Italics added.) The court reasoned that the Legislature intended the 90-day extension to apply to whichever statute of limitations was appropriate, including section 945.6.

[8]Prior to the enactment of the Act, the various state and local governments had a disparate and sometimes bewildering patchwork of laws regarding claims procedures, which included a variety of time limitations. The Act coalesced damage claims into one single statutory scheme that was to be followed regardless of the type of public entity that was the object of the claim.

In sum, the Act is a thoughtfully devised statutory plan that is designed to control the basis under which public entities may be liable for damages. As was said in *Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575, 579-580 [121 Cal.Rptr. 842], "[t]he foregoing statutory provisions which define with precision and clarity the respective rights and duties of both the individual claimants and the public entities cannot be said to be unreasonable, arbitrary or vague. . . ." ·

Respondent's position therefore cannot be maintained for several reasons. First, we view the Act as a system designed to totally control the procedures by which a claimant pursues recovery from a public entity. As noted, the Act dramatically modifies traditional statutes of limitation. If a claim is not filed within six months, the claimant (subject to certain exceptions not germane here) may not maintain a damage suit against a public entity. In the event a claim is timely made and timely denied, then the claimant has only six months from date of denial to file suit. However, in taking the benefit of a shortened period of limitation in the normal case, the Act provides for an expanded time frame where the public entity fails to timely make a written response to the claim. In such a situation, the period of limitation *for all claims* is expanded to *two years* from the accrual of the cause of action. (§ 945.6, subd. (a)(2).) It is noteworthy that personal injury claims were not specially treated. Therefore, in the instant case, had respondent not given a timely written denial, appellant would have had two years from December 28, 1988, to file suit. (*Jenkins* v. *County of Contra Costa, supra,* 167 Cal.App.3d 152, 156.) Inasmuch as Code of Civil Procedure section 340 would not have barred appellant in such a circumstance, we do not find it logical that it should do so under the facts presented to us.

Further, we view with skepticism respondent's statement that the goal of the Legislature is to limit rather than expand governmental liability. We ascribe to the Legislature the intent to formulate a system of recompense that is fair, just, and equitable to both the government and the individual members of the public. The 1987 amendment to section 911.2 supports our reasoning. If the Legislature's sole object was to curb liability, the time limit for filing a claim under that section would not have been *expanded* from 100 days to 6 months.[9]

Next, we turn our attention to Code of Civil Procedure section 342, which says: "An action against a public entity upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing

[9]Indeed, the legislative history of section 911.2 reveals a concern that the brevity of the 100-day claim period has unfairly caused members of the public to lose their right of recovery.

with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of Division 3.6 of Title 1 of the Government Code must be commenced within the time provided in Section 945.6 of the Government Code." Admittedly, Code of Civil Procedure section 342 does not say that the time limitations of section 945.6 are exclusive. ██ ██ However, the statutory history of the Act reveals that Code of Civil Procedure section 342 was "placed among the limitation of actions provisions of the Code of Civil Procedure so that the statute of limitations applicable to actions upon claims against public entities may be discovered by looking at either that section or the appropriate section of the Government Code." (Recommendations Relating to Sovereign Immunity, No. 2, Claims, Actions and Judgments Against Public Entities and Public Employees (Jan. 1963) 4 Cal. Law Revision Com. Rep. (1963) p. 1058.)[10] Such language strongly suggests that it was indeed the intent of the Legislature that the time limitation provisions of section 945.6 would exclusively control over its existing general counterparts.

It is also important to note that in reference to section 945.6, the Law Revision Commission stated, "[t]he general statutes of limitation would thus have no application to actions against public entities upon causes of action for which claims are required to be filed." (4 Cal. Law Revision Com. Rep., *supra*, at p. 1014.)

Finally, although unbriefed and unnecessary to our resolution of the case, we end our discussion with a comment about the warning notice sent by respondent to appellant. As mentioned, that notice stated "[s]ubject to certain exceptions, you have only 6 months from the date [of] this notice . . . to file a court action on this claim." If one of those "exceptions" entailed compliance with an additional statute of limitations, respondent should have expressly said so. We think it is manifestly inequitable to tell a claimant she has six months to file suit, and then, when she relies on that statement, to broadside her with Code of Civil Procedure section 340.

For all of the foregoing reasons, we hold that in a personal injury action not involving negligence of a health care provider, compliance with the provisions of the Act exempts a claimant from the provisions of Code of Civil Procedure section 340.

---

[10]In a search to discern legislative intent, an appellate court is entitled to take judicial notice of the various legislative materials, including committee reports, underlying the enactment of a statute. (*Kern* v. *County of Imperial* (1990) 226 Cal.App.3d 391, 400 fn. 8 [276 Cal.Rptr. 524]; *Coopers & Lybrand* v. *Superior Court* (1989) 212 Cal.App.3d 524, 535, fn. 7 [260 Cal.Rptr. 713].) Reports and interpretive opinions of the Law Revision Commission are entitled to great weight. (*People* v. *Williams* (1976) 16 Cal.3d 663, 667-668 [128 Cal.Rptr. 888, 547 P.2d 1000]; *Davis* v. *Cordova Recreation & Park Dist.* (1972) 24 Cal.App.3d 789, 796 [101 Cal.Rptr. 358].)

## DISPOSITION

The judgment is reversed. Appellant is awarded costs on appeal.

Boren, P. J., and Fukuto, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 24, 1993. Panelli, J., was of the opinion that the petition should be granted.