[No. B083933. Second Dist., Div. Four. Mar. 26, 1996.]

JERRY MASSA, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT et al.,
Defendants and Respondents.

## Counsel

Charles H. Hack for Plaintiff and Appellant.

Graves & King and Douglas N. Harty for Defendants and Respondents.

## Opinion

**EPSTEIN, J.**—Appellant Jerry Massa appeals from summary judgment entered in his action seeking damages for injuries related to excessive force used by respondent, Jay P. Vuninich, a police officer with the Southern California Rapid Transit District Police, while questioning appellant. Officer Vuninich's motion for summary judgment was granted on the ground that appellant failed to file his complaint against him within the applicable one-year statute of limitations. Appellant argues that the Tort Claims Act allows him to file his complaint within six months after his claim was denied by the governmental entity, even though the six-month period extends beyond the ordinary one-year statute of limitations. We conclude this position has merit and that the trial court erred in dismissing the lawsuit on statute of limitations grounds.

### FACTUAL AND PROCEDURAL SUMMARY

On November 26, 1990, appellant was detained and questioned by respondent, Officer Vuninich. Appellant alleged that respondent used excessive force while questioning him. It is undisputed that the alleged conduct of Officer Vuninich occurred during the performance of his duties as an officer of the Southern California Rapid Transit District Police. Appellant requested that respondent's employer, the Southern California Rapid Transit District, accept a late claim against the district. The claim, which named Officer Vuninich (misspelled as "Vunich"), was presented on November 26, 1991. The employer agreed to accept the late claim, and denied it on December 3, 1991.

On May 22, 1992, a date within six months of the denial but more than one year after the alleged incident, appellant filed a lawsuit against respondents for personal injuries related to the detention. Respondent Vuninich moved for summary judgment, arguing that appellant's complaint was

barred by the one-year statute of limitations of Code of Civil Procedure section 340. The trial court granted his motion on that ground. Appellant filed a timely notice of appeal.

DISCUSSION

■ This case presents a single issue of statutory construction. Since the interpretation of statutes is a matter of law for the courts to decide, the usual rules of summary judgment on appeal do not apply. (*Simpson* v. *Unemployment Ins. Comp. Appeals Bd.* (1986) 187 Cal.App.3d 342, 350 [231 Cal.Rptr. 690]; *Pacific Legal Foundation* v. *Unemployment Ins. Appeals Bd.* (1981) 29 Cal.3d 101, 111 [172 Cal.Rptr. 194, 624 P.2d 244].)

■ Two statutes are under review. Government Code section 945.6 provides that "any suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced: [¶] (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered . . . ." Code of Civil Procedure section 340 provides that plaintiffs must file suit within one year of an occurrence of an assault, battery or for injury to or for the death of one caused by the wrongful act or neglect of another.[1] The complaint in this case satisfies the former; the issue is whether it is barred by the latter. Resolution of that issue is governed by the rules for ascertaining legislative intent.

In ascertaining legislative intent, we look first to the language of the statute, giving effect to its plain meaning. (*KFC Western, Inc.* v. *Meghrig* (1994) 23 Cal.App.4th 1167, 1174 [28 Cal.Rptr.2d 676]; *Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 209 [271 Cal.Rptr. 191, 793 P.2d 524], citing *Tiernan* v. *Trustees of Cal. State University and Colleges* (1982) 33 Cal.3d 211, 218-219 [188 Cal.Rptr. 115, 655 P.2d 317].)

For the statutes at issue here, most of the ground already has been covered in a recent decision by Division Two of this district, in *Schmidt* v. *Southern Cal. Rapid Transit Dist.* (1993) 14 Cal.App.4th 23 [17 Cal.Rptr.2d 340]. *Schmidt* holds the one-year statute of limitations of Code of Civil Procedure section 340 is satisfied if a lawsuit against a governmental entity is filed within six months of the time the claim is denied, even though it is filed more than one year from the date the cause of action arose.

---

[1]Both parties state that the claim against the district and naming Officer Vuninich was filed on November 26, 1991, the last day of the one-year statute of limitations period of section 340. (See Code Civ. Proc., § 12.) We express no opinion as to the result if the claim had been presented after that period.

The facts in *Schmidt* are almost identical to the present case, with a single exception: the lawsuit was against a governmental entity rather than an employee. The appellant was injured when the bus on which she was riding lurched, causing her to fall and break her hip. She filed a timely claim with the Southern California Rapid Transit District (RTD), a public entity, which was denied. Mrs. Schmidt filed a complaint against the RTD more than one year after the cause of action arose, but within six months of the date that her claim was denied. (14 Cal.App.4th at p. 25.) The trial court granted the RTD's motion for judgment on the pleadings because it thought the one-year statute of limitations had expired. The Court of Appeal held that compliance with Government Code sections 911.2 and 945.6 effectively extended the Code of Civil Procedure section 340 period. (14 Cal.App.4th at pp. 25, 30.)

In reaching this decision, the *Schmidt* court relied upon rules of statutory construction, case law and the legislative history of the Tort Claims Act. The court reasoned that ". . . it is assumed that the Legislature has existing laws in mind at the time that it enacts a new statute. (*Estate of McDill* (1975) 14 Cal.3d 831, 837. . . .) We therefore expect that the Legislature was aware of Code of Civil Procedure section 340 at the time it amended section 911.2. [¶] Where possible, the goal of the courts is to achieve harmony between conflicting law (14 Cal.3d at p. 837), and avoid an interpretation which would require that one statute be ignored. (*Fuentes* v. *Workers' Comp. Appeal Bd.* (1976) 16 Cal.3d 1, 7 . . . .) However, equally important are the familiar postulates that we should give effect to the more recently enacted law (*ibid.*), and that a specific statute relating to a particular subject will govern over a general one. (*Young* v. *Haines* (1986) 41 Cal.3d 883, 897 . . . .) Obviously, the provisions of sections 911.2 and 945.6 are both more recent and specific than Code of Civil Procedure section 340." (14 Cal.App.4th at p. 27.) The Tort Claims Act provides time deadlines which differ from those in the general statutes of limitation. Additionally, Code of Civil Procedure section 342 refers claimants suing an entity to the relevant provisions of the Tort Claims Act and provides that the deadlines of Government Code section 945.6 must be followed. The legislative history of section 342 strongly suggests that the time provisions of that Act govern the period within which a lawsuit must be filed. (14 Cal.App.4th at pp. 28, 30.)

The trial court in our case concluded that the reasoning of *Schmidt* does not apply to suits against governmental employees. We do not believe that distinction is tenable in light of the rationale of the case, the plain language of the statute, and the legislative purpose of providing a parallel scheme for suing government entities and their employees.

As we have discussed, Government Code section 950.6 requires that a written claim for money or damages for injury be presented to the employing

public entity as a prerequisite to suing the agency or any of its employees who are claimed to have acted within their official capacity. The statute also requires that any suit against the public employee be commenced within the time prescribed by Government Code section 945.6 for bringing an action against the public entity—i.e. within six months of the time the claim is denied by the entity. The plain meaning of this section is that a suit is timely if it is filed against a public employee within six months of the date the claim was rejected by the entity.

Government Code section 905 provides, "[t]here shall be presented in accordance with Chapter 1 and Chapter 2 of this part all claims for money or damages against *local public entities*" (italics added) and Government Code section 950.2 requires that, ". . . a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 of this division or under Chapter 2 of Part 4 of this division." This statute has been interpreted to require that, prior to bringing an action against a public employee, the plaintiff must comply with Government Code section 900 et seq. (*Williams* v. *Townsend* (C.D. Cal. 1968) 283 F.Supp. 580.)

Government Code sections 910-913.2 provide the procedures that are to be followed when filing a claim either against the governmental entity or employee. The rejection of a claim as a prerequisite to filing a suit against either a public entity or employee are both provided for under the code.

Government Code section 950.6 provides in pertinent part: "When a written claim for money or damages for injury has been presented to the employing public entity: [¶] (a) A cause of action for such injury may not be maintained against the *public employee or former public employee* . . . until the claim has been rejected, . . . by the public entity. [¶] (b) A suit against the public employee or former pubic employee for such injury must be commenced within the time prescribed by *Section 945.6 for bringing an action against the public entity*." (Italics added)

Government Code section 945.4 is similar. It requires a rejected claim against an entity before filing suit. "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, . . ."

A review of the statutory provisions governing suits against public entities and their employees demonstrates that the procedures are parallel, except

that it is not necessary to file a claim against an employee so long as a claim is filed with the employing entity, identifying the employee and the basis for respondeat superior liability. In submitting the recommendations which led to adoption of the Tort Claims Act in 1963, the California Law Revision Commission observed that "[t]he existing personnel claims statutes are ambiguous, inconsistent and overlapping." (Recommendations Relating to Sovereign Immunity, No. 2, Claims, Actions and Judgments Against Public Entities and Public Employees (Jan. 1963) 4 Cal. Law Revision Com. Rep., p. 1015.) The commission recommended that actions against governmental employees concerning acts within the scope of their employment should be barred if the same action against the entity based on the same event would be barred because the requirements of the entity claims statute had not been met. (*Id.*, pp. 1016-1017.) In a leading treatise on the act, the author interpreted this recommendation to be the commission's recognition of the "need for a claims-presentation procedure applicable to claims against public officers and employees that was parallel to the claims procedures that were prescribed as a prerequisite to tort actions against public entities." (Cal. Government Tort Liability Practice (Cont.Ed.Bar 3d ed. 1992) § 6.107, pp. 808-809.) The plain meaning of the relevant statutes and legislative history leads to the conclusion that the legislative intent was to maintain a consistency between governmental entities and employees.

This consistency is achieved by applying the same statute of limitations bar to suits against a government employee for conduct within the course and scope of employment as applies to suits against the employing entity on the theory of respondeat superior culpability based on the employee's negligence. It would be defeated by applying a different period of limitation.

### DISPOSITION

The judgment is reversed. Appellant to have his costs on appeal.

Vogel (C. S.), P. J., and Rubin, J.,* concurred.

---

*Judge of the Municipal Court for the Santa Monica Judicial District sitting under assignment by the Chairperson of the Judicial Council.