[No. B208828. Second Dist., Div. Three. June 29, 2009.]

PATRICIA ANN ROBERTS, an Incompetent Person, etc., Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Law Offices of Sean M. Burke and Sean M. Burke for Plaintiff and Appellant.

Law Offices of David J. Weiss, David J. Weiss, Peter M. Bollinger; Pollak, Vida & Fisher and Daniel P. Barer for Defendant and Respondent.

**OPINION**

**ALDRICH, J.—**

## INTRODUCTION

We are asked here to determine whether plaintiff's suit alleging the negligence of a public entity health care provider must comply with the statutes of limitations in *both* the Government Claims Act (Gov. Code, § 945.6), involving actions against public entities, and the Medical Injury Compensation Reform Act (MICRA) (Code Civ. Proc., § 340.5), governing medical negligence suits. Patricia Ann Roberts, by her coconservators Eli Starks, Jr., and Lula Lee Starks (plaintiff), met the claim filing deadline contained in Government Code section 945.6 that is the prerequisite to bringing an action against a public entity. However, because of a Government Claims Act provision tolling the time by which she must file a claim with the public entity, her complaint against defendant, the County of Los Angeles (the County), was brought beyond the three-year period of limitations in MICRA's Code of Civil Procedure section 340.5. The trial court granted the motion of the County for summary judgment and plaintiff appeals from the judgment entered thereafter.

We hold that the statute of limitations in Government Code section 945.6 can be harmonized with the three-year period in Code of Civil Procedure section 340.5 when the latter statute is viewed as establishing the outside date by which actions against health care providers, including public entities, must be brought. As a result of our holding, we reject plaintiff's contention that the deadline in Government Code section 945.6 supplants the limitations period in Code of Civil Procedure section 340.5. Accordingly, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed: On February 18, 2003, plaintiff, then 49 years old, suffered severe brain damage while receiving care and treatment at the County's Olive View-UCLA Medical Center. From February 18, 2003, until the present day, plaintiff has remained hospitalized, brain damaged, and incapacitated. On the day of the injury, physicians at the hospital informed plaintiff's family of the events.

Sometime before mid-2003, Lula Stark filed a complaint with the Department of Health Services Licensing & Certification Program charging negligence in the care of plaintiff at the Olive View-UCLA Medical Center.

On December 8, 2006, plaintiff's parents received appointment as coconservators of the person of plaintiff.

On either February 23, or February 28, 2007, plaintiff filed an application for leave to present a late claim under Government Code section 911.4. Attached to the application was the proposed claim.

On April 3, 2007, the County denied plaintiff's application and sent notice denying her proposed claim as untimely. (Gov. Code, § 911.3, subd. (a).)

On April 17, 2007, plaintiff filed a petition in the trial court seeking relief from the Government Claims Act requirements pursuant to Government Code section 946.6.

On May 16, 2007, the parties stipulated that the County had rescinded its denial of plaintiff's application for leave to file a late claim. The parties also stipulated that plaintiff's "claim shall be deemed to have been presented to the County . . . as of May 10, 2007."

On June 11, 2007, more than four years after the incident but within six months of the County's stipulation, plaintiff, through her coconservators, brought her complaint in the trial court alleging a single cause of action for negligence. The County moved for summary judgment on the ground that plaintiff's complaint was filed more than three years after the cause of action accrued with the result, as a matter of law, it was barred by the statute of limitations in MICRA (Code Civ. Proc., § 340.5).

The trial court granted the County's motion. Plaintiff filed her timely appeal from the entry of judgment against her.

## DISCUSSION

1. *Plaintiff's lawsuit is subject to both the six-month statute of limitations in Government Code section 945.6 and the three-year deadline of Code of Civil Procedure section 340.5.*

Government Code section 945.6 requires that suit be brought against a public entity no later than six months after the public entity that receives a

claim rejects it and issues a warning pursuant to Government Code section 913.[1] (Gov. Code, § 945.6, subd. (a)(1).)

Meanwhile, Code of Civil Procedure section 340.5, enacted as part of MICRA (Stats. 1975, 2d Ex. Sess., ch. 2, § 12.5, p. 4007), reads in relevant part, "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first."

As of the date of her injury, plaintiff was mentally incapacitated and had no guardian to bring her claim. Pursuant to the Government Claims Act, the time by which she was required to file her claim was tolled until her guardians were appointed. (Gov. Code, § 911.4, subd. (c).)[2] Thereafter, plaintiff brought her lawsuit in compliance with Government Code section 945.6 because she filed her complaint within a month after the parties' stipulation. But the complaint's filing date fell well beyond the three-year period set forth in Code of Civil Procedure section 340.5.

Plaintiff asks us to decide that MICRA's three-year statute of limitations does not apply to actions against public medical care providers. Research has revealed no published case on factual point or that expressly decides that the limitations periods of the Government Claims Act generally supplant the three-year provision in MICRA when the defendant is a public entity health care provider.

### a. *Rules of statutory construction*

Resolution of this issue of statutory interpretation is a question of law subject to de novo review on appeal. (*Chatsky & Associates v. Superior Court*

---

[1] Government Code section 945.6, subdivision (a) reads: "Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: [¶] (1) If written notice is given in accordance with Section 913, *not later than six months* after the date such notice is personally delivered or deposited in the mail." (Italics added.)

This section also contains a second statute of limitations not at issue here, namely, two years from accrual if the entity does not send a section 913 written notice. (Gov. Code, § 945.6, subd. (a)(2).)

[2] Government Code section 911.4, subdivision (c) reads in pertinent part: "In computing the one-year period under subdivision (b) [the time for filing an application for leave to file a late claim], the following shall apply: [¶] (1) The time during which the person who sustained the alleged injury, damage, or loss as a minor shall be counted, but the time during which he or she is mentally incapacitated and does not have a guardian or conservator of his or her person shall not be counted."

(2004) 117 Cal.App.4th 873, 876 [12 Cal.Rptr.3d 154].) The overarching principle in the rules of statutory construction is to effectuate the intent of the Legislature in enacting a statute. (Code Civ. Proc., § 1859.) We are called upon to interpret two apparently inconsistent statutes to determine whether one or both applies to the present circumstance. Hence, "our goal is to harmonize the law [citation] and avoid an interpretation that requires one statute to be ignored. [Citation.]" (*Chatsky & Associates v. Superior Court, supra,* at p. 876; see Code Civ. Proc., § 1858.)

b. *Application and analysis*

Enacted in 1963, the Government Claims Act "is a thoughtfully devised statutory plan that is designed to control the basis under which public entities may be liable for damages." (*Schmidt v. Southern Cal. Rapid Transit Dist.* (1993) 14 Cal.App.4th 23, 29 [17 Cal.Rptr.2d 340].) The act is comprised "of a comprehensive format specifying the parameters of governmental liability, including . . . a detailed procedure for the advance filing of a claim as a prerequisite to filing suit. . . ." and deadlines for "both the filing of claims and the commencement of litigation . . . ." (*Id.* at p. 28, fn. omitted.) "The purpose of the claims statutes is to provide the public entity with notice of the proposed action so as to permit investigation and settlement, if appropriate, thereby avoiding the expense of litigation. [Citation.]" (*Scott v. County of Los Angeles* (1977) 73 Cal.App.3d 476, 481 [140 Cal.Rptr. 785].)

MICRA was enacted 12 years later in 1975 "in response to rapidly increasing premiums for medical malpractice insurance. [Citations.] The Legislature viewed MICRA as ' "an interrelated legislative scheme . . . to deal specifically with *all* medical malpractice claims." ' [Citation.]" (*Preferred Risk Mutual Ins. Co. v. Reiswig* (1999) 21 Cal.4th 208, 214 [87 Cal.Rptr.2d 187, 980 P.2d 895], italics added.)

Plaintiff argues that these statutes conflict when the defendant is both a health care provider and a public entity. The six-month and two-year statutes of limitations in the Government Claims Act apply to all cases where claims are required to be presented by Government Code section 900 et seq. (see Gov. Code, § 945.6, subd. (a)(1), (2)), whereas MICRA's three-year statute of limitations period (Code Civ. Proc., § 340.5) applies to all claims against a health care provider. Because of this conflict, she argues, the Government Claims Act should control over MICRA in medical negligence actions against public defendants.

█ However, " '[w]henever possible, . . . we must reconcile statutes and seek to avoid interpretations which would require us to ignore one statute or the other . . . and the rule giving precedence to the latter statute is invoked only if the two cannot be harmonized.' [Citations.]" (*Anson v. County of Merced* (1988) 202 Cal.App.3d 1195, 1202 [249 Cal.Rptr. 457].) In our view, Government Code section 945.6 and Code of Civil Procedure section 340.5 are not mutually exclusive and may be read to give effect to both. We construe the three-year limitations period in Code of Civil Procedure section 340.5 as the outer limit by which a lawsuit must be filed against a public health care provider. (See, e.g., *Scott v. County of Los Angeles, supra,* 73 Cal.App.3d at pp. 482, 484 [held 100-day statute of limitations in Gov. Code, former § 946.6 applied but Code Civ. Proc., § 340.5 provided outer limit]; *Osborne v. County of Los Angeles* (1979) 91 Cal.App.3d 366, 370–371 [154 Cal.Rptr. 129] [held plaintiff's claim was not late under Gov. Code, § 946.6 and not beyond "outside limit" of Code Civ. Proc., § 340.5].) This way MICRA can apply to public health care providers without conflicting with the Government Claims Act. By the same token, plaintiffs can comply with the Government Code section 945.6 limitations period without running afoul of Code of Civil Procedure section 340.5's three-year limit.

A "cardinal rule of statutory construction is to ascertain and give effect to the intent of the Legislature. [Citations.]" (*Young v. Haines* (1986) 41 Cal.3d 883, 894 [226 Cal.Rptr. 547, 718 P.2d 909]; see Code Civ. Proc., § 1859.) The statutes at issue here have the same goals. The intent of the Legislature in enacting MICRA was to "restrict the flow of medical malpractice lawsuits which were threatening the continued efficient delivery of health care to Californians" (*Anson v. County of Merced, supra,* 202 Cal.App.3d at p. 1201), by establishing a "sharply reduced statute of limitations for malpractice plaintiffs." (*Young v. Haines, supra,* at p. 900.) Likewise, the legislative purpose behind the Government Claims Act is to "limit the potential for lawsuits against government entities . . ." (*Anson v. County of Merced, supra,* at pp. 1200, 1202 [six-month statute of limitations in Government Claims Act is inviolate]), in part through tightly controlled notice provisions. (See *Scott v. County of Los Angeles, supra,* 73 Cal.App.3d at p. 481.) Applying both statutes to plaintiff's complaint, where MICRA's three-year statute functions as the outer limit, preserves the legislative goals behind both laws by respecting both the inviolable, true deadline for filing a lawsuit against public entities (see *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 209 [64 Cal.Rptr.3d 210, 164 P.3d 630]) and the sharply reduced statute of limitations for medical malpractice actions. (*Young v. Haines, supra,* at p. 900.) Our

reading also comports with the rule of construction to " 'avoid interpretations which would require us to ignore one statute or the other . . . .' " (*Anson v. County of Merced, supra,* at p. 1202.)

By contrast, to adopt plaintiff's construction relieving her of the time limits imposed by MICRA, would be to ignore the words of Code of Civil Procedure section 340.5 and flout the Legislature's goals of limiting medical negligence suits. MICRA declares that "*In no event* shall the time for commencement of legal action exceed three years . . . ." (Code Civ. Proc., § 340.5, italics added.) "The clear legislative purpose [of MICRA] was to make available to malpractice plaintiffs only those tolling provisions set forth in the statute." (*Young v. Haines, supra,* 41 Cal.3d at p. 896; see *Belton v. Bowers Ambulance Service* (1999) 20 Cal.4th 928, 931 [86 Cal.Rptr.2d 107, 978 P.2d 591] ["No tolling provision outside of MICRA can extend the three-year maximum time period that section 340.5 establishes."].) The sole bases for tolling Code of Civil Procedure section 340.5 are the three grounds listed therein, namely, fraud, intentional concealment, or the presence of nontherapeutic and nondiagnostic foreign bodies.[3] (*Young v. Haines, supra,* at p. 893.) Plaintiff's Government Claims Act deadline was tolled because of her mental incapacity and lack of a conservator or guardian to bring her lawsuit (Gov. Code, § 911.4, subd. (c)(1)),[4] not a basis for tolling MICRA's deadline (Code Civ. Proc., § 340.5). A holding that the limitations period in the Government Claims Act controls over MICRA would permit claimants to wait indefinitely before seeking a conservatorship, which would toll the Government Claims Act statute (Gov. Code, § 911.4, subd. (c)(1)), while utterly defeating the aim of MICRA's statute of limitations. Under that scenario, medical negligence suits that would be barred against private health care providers would be permitted against public entity health care providers.

Yet, the MICRA limitations period has long been applied to public health care providers. Numerous courts have addressed MICRA's statute of limitations in medical negligence suits against public entities. (See, e.g., *Young v. Haines, supra,* 41 Cal.3d at p. 890, fn. 3; *Scott v. County of Los Angeles, supra,* 73 Cal.App.3d at pp. 482, 484; *Osborne v. County of Los Angeles, supra,* 91 Cal.App.3d at p. 370; *Chosak v. Alameda County Medical Center* (2007) 153 Cal.App.4th 549 [63 Cal.Rptr.3d 184].) Our Supreme Court has stated that Code of Civil Procedure section 340.5 was "intended to cover *all* personal injury claims arising from medical malpractice." (*Young v. Haines, supra,* at pp. 894 & 897, italics added.) "Every discussion of the statute

---

[3] Code of Civil Procedure section 340.5 reads in relevant part: "In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. . . ."

[4] See footnote 2, *ante.*

assumes that its reach is comprehensive. . . . [T]here is no indication that subdivision (1) [defining health care provider] was meant to exclude any particular categories of medical malpractice action from coverage . . . ." (*Chosak v. Alameda County Medical Center, supra*, at p. 566.) Certainly, nothing in the statute hints at an intent to limit its application to private defendants. Therefore, while Government Code section 945.6 generally applies to public entities (see *Shirk v. Vista Unified School Dist., supra*, 42 Cal.4th at p. 209; accord, *Martell v. Antelope Valley Hospital Medical Center* (1998) 67 Cal.App.4th 978, 981–982 [79 Cal.Rptr.2d 329]), Code of Civil Procedure section 340.5 applies to all health care providers, both public and private. The County's Olive View-UCLA Medical Center is a health care provider.[5]

*Anson v. County of Merced, supra*, 202 Cal.App.3d 1195, a medical negligence action against a public entity, does not support plaintiff's contention that the Government Claims Act takes precedence over MICRA's three-year statute of limitations. The court there did not address the three-year statute and specifically declined to hold Government Code section 945.6 inapplicable to actions for medical malpractice. (*Anson v. County of Merced, supra*, at p. 1202.) While several cases stand for the general rule that the Government Claims Act controls over certain provisions of the Code of Civil Procedure (see, e.g., *Anson v. County of Merced, supra*, at p. 1202; *Martell v. Antelope Valley Hospital Medical Center, supra*, 67 Cal.App.4th 978), those cases only concerned statutes of limitation that contradicted the Government Claims Act's deadlines and were shorter than the three-year limitations in Code of Civil Procedure section 340.5. As explained *ante*, where MICRA's three-year deadline is viewed as the outer limit by which a lawsuit must be filed against any public health care provider, it does not contradict the Government Claims Act.

Indeed, *Anson* is the factual mirror image of this case and so its reasoning is influential. One of the issues in *Anson* was whether the Government Claims Act's statute of limitations controlled over the one-year deadline contained in MICRA. (*Anson v. County of Merced, supra*, 202 Cal.App.3d at p. 1198.) There, the plaintiff's late discovery of the negligence delayed the filing of her lawsuit pursuant to Code of Civil Procedure section 340.5, and so, while it was timely filed under MICRA, it was brought beyond the six-month deadline in Government Code section 945.6. That is, unlike this case where the statute was tolled under the Government Claims Act, the *Anson* complaint

---

[5] We granted the County's request to take judicial notice of the license of Olive View-UCLA Medical Center by the State of California as a general acute care hospital. (Health & Saf. Code, §§ 1253 & 1254.)

was delayed under MICRA. *Anson* held that the six-month deadline of Government Code section 945.6 nonetheless controlled over the one-year statute in Code of Civil Procedure section 340.5. *Anson* explained, "It would be incongruous if [plaintiff] could now invoke the provisions of one statute which was intended by the Legislature to *limit* medical malpractice claims in order to escape the effect of another statute of limitations [with a similar goal] and thereby be permitted to maintain her action." (*Anson v. County of Merced, supra*, at p. 1202.)

The same reasoning applies here to a tolling provision in the Government Claims Act as opposed to MICRA. That is, it would be incongruous if plaintiff were allowed to invoke the tolling provisions of the Government Claims Act, which was intended by the Legislature to *limit* actions against public entities, to escape the effect of the statute of limitations of another statute with a similar goal, and thus be permitted to bring her action. Allowing plaintiff here to bring her lawsuit beyond the MICRA deadline because of the tolling provision in the Government Claims Act would violate the well-established authorities prohibiting tolling of MICRA's deadlines for reasons outside of Code of Civil Procedure section 340.5 itself. (*Belton v. Bowers Ambulance Service, supra*, 20 Cal.4th at p. 931.) By contrast, where plaintiff is required to meet MICRA's three-year limitations period and the six-month deadline in Government Code section 945.6, both statutes can remain in full force and effect.

Plaintiff urges us to follow the rule of statutory interpretation that Government Code section 945.6 is the more specific statute, thereby supplanting the more general statutes of limitations provisions in the Code of Civil Procedure. (Code Civ. Proc., § 1859.) Yet, as between the Government Claims Act and MICRA, "neither is more specific than the other. Both address specific areas of the law, government tort liability and medical negligence liability. One can look at medical negligence claims as a potential subset of the larger world of government tort liability. However, it is equally valid to view potential government tort liability as a portion of the larger problem of medical negligence claims. Neither view is 'more right' than the other. The legislative schemes stand on equal footing from the perspective of the specificity with which the Legislature sought to address the respective social ills." (*Anson v. County of Merced, supra*, 202 Cal.App.3d at p. 1199.) For that reason, we cannot apply the rule that the more specific provision trumps the more general statute.

Next, plaintiff points to the Law Revision Commission comment to Government Code section 945.6 in support of her contention that the only limitation applicable to her action is found in the Government Claims Act. That comment states, "This section requires that an action must be commenced within six months after the claim is acted upon or is deemed to be rejected. *The normal statute of limitations will not apply.*" (Cal. Law Revision Com. com., reprinted at 32A pt. 1 West's Ann. Gov. Code (1995 ed.) foll. § 945.6, p. 33 (1963 addition), italics added.) Yet, the Law Revision Commission appears to have retreated from its sweeping dismissal of other statutes of limitations. The commission has since commented that, although one section of the Code of Civil Procedure—unrelated to this case—did not apply to actions described in Government Code section 945.6, "the other *general* provisions of the Code of Civil Procedure relating to the time within which actions must be commenced—Sections 350, 351, 353 to 363—*are applicable.*" (Cal. Law Revision Com. com., reprinted at 32A pt. 1 West's Ann. Gov. Code, *supra*, foll. § 945.6, p. 34 (1970 Amendment), italics added.) MICRA was not listed there presumably because this comment predates MICRA's enactment.

■ Nor does Code of Civil Procedure section 342, support plaintiff's position. That section states, "An action against a public entity upon a cause of action for which a claim is required to be presented in accordance with . . . the Government Code *must be commenced within the time provided in Section 945.6 of the Government Code.*" (Italics added.) The statutory history of Code of Civil Procedure section 342 indicates that statute was " 'placed among the limitation of actions provisions of the Code of Civil Procedure *so that the statute of limitations applicable to actions upon claims against public entities may be discovered* by looking at either that section or the appropriate section of the Government Code.' (Recommendations Relating to Sovereign Immunity, No. 2, Claims, Actions and Judgments Against Public Entities and Public Employees (Jan. 1963) 4 Cal. Law Revision Com. Rep. (1963) p. 1058.)" (*Schmidt v. Southern Cal. Rapid Transit Dist., supra,* 14 Cal.App.4th at p. 30, fn. omitted, italics added.) These authorities, she argues, demonstrate that, in medical negligence actions against public entities, the Legislature intended that the Government Code limitations alone, *and not MICRA,* would control because the Legislature created a category of limitations rules separate from those under the Code of Civil Procedure governing private defendants. We disagree. While at least one court has held that the language of that section and the Law Revision Commission "strongly suggests that it was indeed the intent of the Legislature that the time limitation

provisions of [Government Code] section 945.6 would exclusively control over its existing *general counterparts*" (*Schmidt v. Southern Cal. Rapid Transit Dist., supra,* at p. 30, italics added),[6] that court did not address MICRA and as we have established, neither statute at issue in this case is more specific than the other. Nothing in the language of Code of Civil Procedure section 342 declares that the time periods in the Government Claims Act are the *exclusive* statutes of limitations in actions against public entities. Rather, section 342 serves to alert litigants to additional, potentially relevant time limits elsewhere in the law.

■ What is more important, however, we cannot disregard existing laws. (See Code Civ. Proc., § 1858.) The Legislature is assumed to have existing laws in mind at the time it enacts a new statute. (*Schmidt v. Southern Cal. Rapid Transit Dist., supra,* 14 Cal.App.4th at p. 27.) Here, we expect that the Legislature was aware of the Government Claims Act when it passed MICRA even though it did not address a potential conflict between the two statutes. Thus, it intended Government Code section 945.6 to remain in "full force and effect" (*Anson v. County of Merced, supra,* 202 Cal.App.3d at p. 1202) when it enacted Code of Civil Procedure section 340.5.

Finally, plaintiff argues she should not be penalized because of the time taken to establish a conservatorship. Until the conservatorship letters issued, she observes, there was no one obligated to bring suit. Yet, the evidence here shows that plaintiff's parents—the eventual coconservators—were told about the accident on the day it occurred, in February 2003, and Lula Stark filed a complaint with the Department of Health Services that same year. Thus, the coconservators were aware of possible negligence more than three years before they sued and could have easily complied with Code of Civil Procedure section 340.5. There is nothing to suggest that the conservators were otherwise unaware they had a lawsuit such as would justify sitting on their rights.

■ In sum, the Legislature's purpose in enacting the two statutes of limitations and the foregoing time-honored principles of statutory construction compel the conclusion that plaintiffs must comply with both the six-month statute of limitations in the Government Claims Act and the three-year statute in MICRA when bringing actions for medical negligence against public entities where the latter deadline is the outside date by which plaintiffs must file their suits against public entity health care providers. Plaintiff's complaint, although timely under Government Code section 945.6, was filed more than a year after the expiration of the three-year date in Code of Civil

---

[6] Neither *Schmidt v. Southern Cal. Rapid Transit Dist., supra,* 14 Cal.App.4th 23 nor *Brown v. Huntington Beach etc. Sch. Dist.* (1971) 15 Cal.App.3d 640 [93 Cal.Rptr. 417], aids plaintiff. Neither case involved MICRA or the negligence of a health care provider and so MICRA's legislative goal of curbing *medical negligence* lawsuits by use of its strict limitations periods was never at issue in those cases.

Procedure section 340.5. Therefore, the trial court did not err in ruling that the complaint was untimely filed.

### 2. *We do not reach the question of whether the County waived the statute of limitations.*

Plaintiff contends that the County waived the statute of limitations. She quotes from the stipulation that *"If* the County subsequently gives notice under Government Code § 913(b) in regard to that claim, that notice shall supersede the § 913(b) notice that the County gave on April 3, 2007; and [plaintiff] shall have six months from the date of that notice to file suit against the County, in accordance with Government Code § 945.6(a)(1).)" (Italics added.) Plaintiff ignores the word "if." There is no evidence in the record that the County "subsequently" gave notice under Government Code section 913. Because the necessary prerequisite did not occur, we need not address whether, had the County later given such a notice, it would have operated as a waiver of the statute of limitations.

### 3. *Plaintiff's disqualification contention was not properly raised.*

■ The trial court denied plaintiff's motion to disqualify. (Code Civ. Proc., § 170.1, subd. (a)(6)(A)(iii).)[7] On appeal, plaintiff challenges that ruling. However, a petition for writ of mandate pursuant to Code of Civil Procedure section 170.3, subdivision (d)[8] is the exclusive means by which a party may seek review of an unsuccessful motion to disqualify a trial judge. (*People v. Hull* (1991) 1 Cal.4th 266, 275 [2 Cal.Rptr.2d 526, 820 P.2d 1036]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2008) ¶ 2:259.3, pp. 2-120.1 to 2-121.) Her contention regarding the trial judge's disqualification is not properly raised in this appeal.

---

[7] Code of Civil Procedure section 170.1 requires that "(a) A judge shall be disqualified if any one or more of the following is true: [¶] . . . [¶] (6)(A) For any reason: [¶] . . . [¶] (iii) A person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial."

[8] Code of Civil Procedure section 170.3 provides at subdivision (d): "The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding. The petition for the writ shall be filed and served within 10 days after service of written notice of entry of the court's order determining the question of disqualification. If the notice of entry is served by mail, that time shall be extended as provided in subdivision (a) of Section 1013."

## DISPOSITION

The judgment is affirmed. Respondent to recover costs on appeal.

Croskey, Acting P. J., and Kitching, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 17, 2009, S175355.