[No. D043096. Fourth Dist., Div. One. Apr. 12, 2004.]

CHATSKY AND ASSOCIATES et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
BANK OF AMERICA CORP., Real Party in Interest.

## COUNSEL

Robert B. Coffin for Petitioners.

No appearance for Respondent.

Frandzel Robins Bloom & Csato and Thomas M. Robins III for Real Party in Interest.

## OPINION

**McINTYRE, J.—** In this case we conclude that the one-year limitations period of Code of Civil Procedure section 340, subdivision (c) (section 340(c)), rather than the three-year limitations period of California Uniform Commercial Code section 4111, applies to claims by depositors against their bank for payment of forged checks written on the depositors' accounts. (All references to the Commercial Code refer to the California Uniform Commercial Code.)

### FACTUAL AND PROCEDURAL BACKGROUND

Chatzky and Associates (Chatzky) and nine other related companies (together plaintiffs), opened checking accounts at Bank of America (the Bank).

On March 19, 2001, plaintiffs notified the Bank that some checks written on the accounts had been forged and Chatzky subsequently terminated the alleged forger, who was its bookkeeper and office manager. On March 19, 2002, plaintiffs sued the Bank, alleging causes of action for conversion (Com. Code, § 3420), breach of contract, violation of Commercial Code section 4103 and unfair business practices. The trial court subsequently granted the Bank's motion for summary adjudication, concluding that recovery on checks dated February 2001 or earlier was barred by the one-year limitation period of section 340(c) because plaintiffs failed to bring their action within one year after being provided with bank statements listing the forged checks.

Plaintiffs sought writ review of the trial court's order, requesting that the order be vacated and a new and different order be entered denying the motion. We issued an order to show cause why the relief sought should not be granted.

## DISCUSSION

### *Issue Presented and Standard of Review*

This appeal presents the legal question of whether the one-year limitations period of section 340(c) or the three-year limitations period of Commercial Code section 4111 applies to claims by depositors against their bank for the payment of forged checks written on the depositors' accounts. Although this issue comes to us on a motion for summary adjudication, we need not engage in the traditional summary judgment analysis because the parties do not dispute the facts underlying application of the applicable limitation period.

■ The question presented involves statutory interpretation, which presents a question of law subject to de novo review on appeal. (*Bialo v. Western Mutual Ins. Co.* (2002) 95 Cal.App.4th 68, 76–77 [115 Cal.Rptr.2d 3].) Where, as here, we are called upon to interpret two seemingly inconsistent statutes to determine which applies under a particular set of facts, our goal is to harmonize the law (*Estate of McDill* (1975) 14 Cal.3d 831, 837 [122 Cal.Rptr. 754, 537 P.2d 874]) and avoid an interpretation that requires one statute to be ignored. (*Fuentes v. Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449].)

■ When two statutes concern the same subject matter and cannot be reconciled with each other, the more recent statute is deemed to have repealed the first statute by implication under the doctrine of implied repeal. (*In re Thierry S.* (1977) 19 Cal.3d 727, 744 [139 Cal.Rptr. 708, 566 P.2d 610].) However, the law shuns repeal by implication and, if possible, courts must maintain the integrity of both statutes. (*Stop Youth Addiction, Inc. v. Lucky*

*Stores, Inc.* (1998) 17 Cal.4th 553, 569 [71 Cal.Rptr.2d 731, 950 P.2d 1086].) For this reason, the implied repeal doctrine is properly invoked only when (1) two potentially conflicting statutes cannot be harmonized and are " 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation . . .' " (*In re Thierry S., supra,* 19 Cal.3d at p. 744, quoting *In re White* (1969) 1 Cal.3d 207, 212 [81 Cal.Rptr. 780, 460 P.2d 980]) or (2) the later provision gives "undebatable evidence of an intent to supersede the earlier" provision. (*Hays v. Wood* (1979) 25 Cal.3d 772, 784 [160 Cal.Rptr. 102, 603 P.2d 19].) This high standard of conflict exists because it must be presumed that the Legislature had existing laws in mind when it enacted a new statute. (*Voss v. Superior Court* (1996) 46 Cal.App.4th 900, 925 [54 Cal.Rptr.2d 225].)

## Analysis

Enacted in 1905, section 340(c) (formerly section 340(3)) imposes a one-year statute of limitations on certain actions, including actions " 'by a depositor against a bank for the payment of a forged or raised check.' " (*Roy Supply, Inc. v. Wells Fargo Bank* (1995) 39 Cal.App.4th 1051, 1065 [46 Cal.Rptr.2d 309] (*Roy*), quoting Stats. 1905, ch. 258, § 2, pp. 231–232.) In 1929, the Legislature amended the statute to include actions by a depositor against a bank for the payment of checks bearing " '. . . a forged or unauthorized indorsement.' " (*Roy, supra,* 39 Cal.App.4th at p. 1065, quoting Stats. 1929, ch. 518, § 1, p. 896.) The one-year limitations period applies independently with respect to each forged check and begins to run when the charge is reported to the depositor in a regular monthly account statement. (*Roy, supra,* 39 Cal.App.4th at p. 1074.)

Section 340(c) dovetails with Commercial Code section 4406, subdivision (f), which precludes a bank customer from asserting a claim against a bank based on a forged or unauthorized signature unless the customer discovers and reports the matter within one year after the bank made available a statement of account showing payment of the item, regardless of either the customer's or the bank's lack of care. This section acts as an issue-preclusion statute (rather than a statute of limitations) and claims that are not dependent upon proof of the forgery will not be precluded. (*Roy, supra,* 39 Cal.App.4th at pp. 1065–1066.) Code Comments to this section expressly indicate that the one-year preclusion period is consistent with the statute of limitation contained in section 340(c). (23B pt. 1 West's Ann. Cal. U. Com. Code (2002 ed.) foll. § 4406, pp. 187–188.)

Effective in January 1993, Commercial Code section 4111 sets forth a general three-year limitation period for actions "to enforce an obligation, duty, or right" arising under Division 4 of the Commercial Code. (Stats.

1992, ch. 914, § 17, p. 4339.) In adopting Commercial Code section 4111, the Legislature intended to correct an omission in the original division 4, which did not contain an express statute of limitations. (Sen. Com. on Judiciary, Sen. Bill No. 833 (1991–1992 Reg. Sess.) as amended Apr. 29, 1991.) Significantly, division 4 of the Commercial Code addresses not only the relationship of banks with their customers, but also the relations between different banks as to bank deposits and collections. (See Introductory Comment, 23B pt. 1 West's Ann. Cal. U. Com. Code (2002 ed.) p. 25.) The legislative history for this section does not address section 340(c).

Plaintiffs contend that the one-year limitation period of section 340(c) was supplanted by the three-year limitation period of Commercial Code section 4111, arguing that any other conclusion renders Commercial Code section 4111 meaningless. Applying the previously mentioned principles of statutory construction to the present case, we conclude that the trial court properly granted summary adjudication based on expiration of the one-year limitation period of section 340(c). (While the Bank also moved for summary adjudication under Commercial Code section 4406, and plaintiffs conceded that their claims as to some of the checks at issue were precluded under this section, there is no need for us to address this section, based on our conclusion that the limitation period has expired. The motion also addressed other issues, which are not before us in this writ proceeding.)

▇ Plaintiffs' argument to the contrary requires us to conclude that the Legislature either ignored section 340(c) or intended to repeal this section when it enacted Commercial Code section 4111. However, we are required to harmonize these two seemingly inconsistent statutes, if possible, to avoid an interpretation that requires one statute to be ignored. We agree with the trial court's conclusion that section 340(c) is the more specific statute because it expressly concerns the factual circumstances at issue—an action by a depositor against its bank for the payment of a forged check. (§ 340(c).) In contrast, Commercial Code section 4111 generally applies to other actions arising between banks or a bank and its customers "to enforce an obligation, duty, or right." When so construed, the statutes work in harmony and do not contradict each other.

▇ We reject plaintiffs' suggestion that the Legislature impliedly repealed section 340(c) when it enacted Commercial Code section 4111, as neither of the two conditions necessary to implement the doctrine of implied repeal is met. As addressed above, the two statutes are not irreconcilable or clearly repugnant; rather, they can be harmonized so as to maintain the integrity of both statutes. Additionally, Commercial Code section 4111 does not provide "undebatable evidence of an intent to supersede the earlier" provision. (*Hays v. Wood, supra,* 25 Cal.3d at p. 784.) Nothing in Commercial

Code section 4111 or its history establishes that the Legislature intended to repeal section 340(c), and we will not presume the existence of such intent in the absence of an express declaration. Because the Legislature is presumed to have been aware of the existing statutory law and its judicial construction, we assume that the Legislature was aware of section 340(c) when it enacted Commercial Code section 4111. (*Voss v. Superior Court, supra,* 46 Cal.App.4th at p. 925.)

Moreover, if the Legislature had wanted to abrogate application of section 340(c) in favor of the general limitation period of Commercial Code section 4111 where a depositor sues its bank for payment of a forged check, it had two opportunities to do so. First, when it enacted Commercial Code section 4111 and second, when it changed section 340(c) to remove personal injury and wrongful death actions, making these actions subject to a two-year limitation period. (Code Civ. Proc., § 335.1; see Stats. 2002, ch. 448, § 2.) The Legislature's failure to act persuades us that it did not intend the general limitation period of Commercial Code section 4111 to apply to the specific situation at issue.

We reject plaintiffs' assertion that the court in *Edward Fineman Co. v. Superior Court* (1998) 66 Cal.App.4th 1110 [78 Cal.Rptr. 478] held that all actions arising under division 4 are governed by the three-year limitation period of Commercial Code section 4111 and that claims based on forgeries are not excluded. In *Fineman,* a bank moved for summary adjudication on certain checks, contending recovery was barred by the issue-preclusion effect of Commercial Code section 4406 and the three-year limitation period of Commercial Code section 4111. (*Fineman, supra,* at p. 1115.) The *Fineman* court held that Commercial Code section 4406 precluded the plaintiff from pursuing its claim because it failed to report unauthorized signatures on the checks to its bank within the one-year period. (*Fineman, supra,* at p. 1125.) The court also noted that the three-year limitation period of Commercial Code section 4111 had expired. (*Fineman, supra,* at p. 1125.) Thus, there was no need for the bank to move for summary adjudication under section 340(c) (or for the court to discuss this statute) because the longer three-year limitations period under Commercial Code section 4111 had already expired. It is axiomatic that cases are not authority for propositions not considered. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 198 [96 Cal.Rptr.2d 463, 999 P.2d 686].)

*Roy, supra,* 39 Cal.App.4th 1051, is also of little assistance in resolving the instant dispute. In *Roy,* the court applied Commercial Code section 4406, holding that depositors were precluded from asserting certain claims against its bank where they did not discover and notify the bank of forged checks within one year of receiving account statements and canceled checks. (*Roy,*

*supra,* 39 Cal.App.4th at p. 1058.) As such, the *Roy* court had no need to address what limitation period applied. (*Id.* at p. 1073, fn. 25.) Despite this, *Roy* implicitly recognized the continuing application of section 340(c) by noting that the time period in which a customer must act under Commercial Code section 4406 begins to run at the same time that the limitation period of section 340(c) begins to run. (*Roy, supra,* 39 Cal.App.4th at p. 1073, fn. 25.)

In summary, we conclude that the trial court correctly applied the one-year limitation period of section 340(c) in this action. If the foregoing interpretation is not what the Legislature intended, then it is up to the Legislature to act.

## DISPOSITION

The petition is denied. Our temporary stay of the proceedings is vacated. The Bank is entitled to costs in this writ proceeding.

Huffman, Acting P. J., and Aaron, J., concurred.

Petitioners' petition for review by the Supreme Court was denied August 11, 2004. Chin, J., did not participate therein.