Opinion
GRIMES, J.
We are asked to resolve whether an action alleging personal injuries caused by prenatal exposure to toxic substances is governed by the statute of limitations set forth in Code of Civil Procedure section 340.4[1] (applicable to tort actions for birth and prebirth injuries), or the statute of limitations set forth in section 340.8 (applicable to tort actions for exposure to hazardous materials and toxic substances).
Plaintiff and appellant Dominique Lopez, at age 12, by and through her mother and guardian ad litem Cheryl Lopez, brought an action against defendant and respondent Sony Electronics, Inc. (Sony), alleging that her prenatal exposure to toxic substances caused her to suffer birth defects and permanent injuries. Sony successfully argued in the trial court that plaintiffs action was time-barred under section 340.4, which expressly provides that actions for prenatal injuries are not tolled during the plaintiffs minority. Plaintiff appeals from the entry of summary judgment in favor of Sony, contending the correct statute of limitations applicable to her claims is section 340.8, under which her action would be timely.
We conclude section 340.4 governs plaintiff’s claims and that her action is time-barred. In so holding, we depart from our colleagues in the Sixth District who concluded that section 340.8 supplants the limitations period of section 340.4 for claims based on prenatal injuries caused by exposure to hazardous materials or toxic substances. (See Nguyen v. Western Digital Corp. (2014) 229 Cal.App.4th 1522 [178 Cal.Rptr.3d 897] (Nguyen).)
FACTUAL AND PROCEDURAL BACKGROUND
The material facts related to the time-bar are not in dispute. Plaintiff was born in April 1999, with numerous birth defects, including fusion of her cervical vertebrae, facial asymmetry, dysplastic nails, diverticulum of the bladder, and a misshapen kidney. She also suffers from developmental delays. Plaintiffs mother worked at a Sony facility in San Diego from 1978 through 2000, including during her pregnancy with plaintiff.
On January 6, 2012, plaintiff filed this action against Sony for negligence, strict liability, willful misconduct, and intentional misrepresentation. Plaintiff *448 alleged that, during her mother’s employment with Sony, she was exposed for prolonged periods of time to chemicals which caused plaintiffs birth defects.
Sony moved for summary judgment on the ground plaintiffs action was barred by section 340.4 which imposes a six-year statute of limitations for birth and prebirth injuries, and which also expressly provides there is no tolling of the limitations period under section 352[2] during the plaintiffs minority. Sony acknowledged in its motion that the common law delayed discovery rule applies to actions governed by section 340.4, but produced evidence showing plaintiffs mother reasonably suspected a connection between her workplace exposures at Sony and her daughter’s injuries on or before August 2000 (including records related to a workers’ compensation claim plaintiff’s mother filed concerning the same workplace exposures).
Plaintiff opposed Sony’s motion, arguing her action was subject to section 340.8, not section 340.4. While section 340.8 incorporates the shorter two-year limitations period of the general personal injury statute (§ 335.1), the limitations period may be tolled under section 352 during a plaintiff’s minority. Thus, plaintiff argued her action was timely because it was filed when she was still a minor. Plaintiff did not offer any evidence to dispute that her mother knew, since at least 2000, of the connection between her workplace exposures at Sony and plaintiff’s birth defects. Instead, plaintiff objected to the admissibility of the evidence presented by Sony on that issue (e.g., records from the workers’ compensation proceeding), and otherwise argued it was irrelevant because tolling under section 352 applied to an action under section 340.8, so she need not rely on the separate tolling afforded by the delayed discovery rule.
The trial court granted Sony’s motion, reasoning that section 340.4 applied and barred plaintiff’s action as a matter of law. Judgment in favor of Sony was entered thereafter on April 8, 2014. (Nguyen was not decided until Sept. 2014.)
This appeal followed.
DISCUSSION
The sole issue before us is one of statutory interpretation based on undisputed facts. We therefore exercise independent review. (Imperial *449 Merchant Services, Inc. v. Hunt (2009) 47 Cal.4th 381, 387 [97 Cal.Rptr.3d 464, 212 P.3d 736] (Imperial Merchant Services).)
“The cardinal rule of statutory construction is to ascertain and give effect to the intent of the Legislature.” (Young v. Haines (1986) 41 Cal.3d 883, 894 [226 Cal.Rptr. 547, 718 P.2d 909] (Young); accord, Title Ins. & Trust Co. v. County of Riverside (1989) 48 Cal.3d 84, 95 [255 Cal.Rptr. 670, 767 R2d 1148] [“the intent of the Legislature is the end and aim of all statutory construction”].) Courts look first to the statutory language in attempting to glean legislative intent, giving the words their “ ‘usual and ordinary meaning.’ [Citation.]” (Imperial Merchant Services, supra, 47 Cal.4th at p. 387.) If the statutory language is clear and unambiguous, the plain meaning of the statute governs. (Vafi v. McCloskey (2011) 193 Cal.App.4th 874, 880 [122 Cal.Rptr.3d 608].)
Section 340.4 provides: “An action by or on behalf of a minor for personal injuries sustained before or in the course of his or her birth must be commenced within six years after the date of birth, and the time the minor is under any disability mentioned in Section 352 shall not be excluded in computing the time limited for the commencement of the action.”
Section 340.8, subdivision (a) provides: “In any civil action for injury or illness based upon exposure to a hazardous material or toxic substance, the time for commencement of the action shall be no later than either two years from the date of injury, or two years after the plaintiff becomes aware of, or reasonably should have become aware of, (1) an injury, (2) the physical cause of the injury, and (3) sufficient facts to put a reasonable person on inquiry notice that the injury was caused or contributed to by the wrongful act of another, whichever occurs later.”
If read separately and in isolation, both section 340.4 and section 340.8 are unambiguous on their face under the plain meaning rule. Both may be read to govern plaintiffs action for injuries sustained before her birth and for exposure to toxic substances. However, we do not construe statutory provisions in isolation. “Where, as here, we are called upon to interpret two seemingly inconsistent statutes to determine which applies under a particular set of facts, our goal is to harmonize the law [citation] and avoid an interpretation that requires one statute to be ignored.” (Chatsky & Associates v. Superior Court (2004) 117 Cal.App.4th 873, 876 [12 Cal.Rptr.3d 154].) “ ‘ “[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]” ’ [Citation.]” (In re Michael G. (1988) 44 Cal.3d 283, 296 [243 Cal.Rptr. 224, 747 P.2d 1152] (Michael G.); accord, Fuentes v. Workers’ Comp. Appeals Bd. (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449].)
*450 Here, the statutory language alone does not answer the question which statute of limitations was intended by the Legislature to apply to claims for prenatal injuries caused by exposure to toxic substances. “ ‘If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute’s purpose, legislative history, and public policy.’ [Citation.]” (Imperial Merchant Services, supra, 47 Cal.4th at p. 388; see also Kramer v. Intuit Inc. (2004) 121 Cal.App.4th 574, 579 [18 Cal.Rptr.3d 412] [the “ ‘literal meaning of the words of a statute may be disregarded to avoid absurd results or to give effect to manifest purposes that, in the light of the statute’s legislative history, appear from its provisions considered as a whole’ ”]; Leslie Salt Co. v. San Francisco Bay Conservation etc. Com. (1984) 153 Cal.App.3d 605, 614 [200 Cal.Rptr. 575] [‘“courts resist blind obedience to the putative ‘plain meaning’ of a statutory phrase where literal interpretation would defeat the Legislature’s central objective”].) We therefore turn to a review of the legislative history of both statutes.
First, we discuss the statute of limitations applicable to prenatal injuries. Code of Civil Prodecure section 340.4 was enacted in 1992 (Stats. 1992, ch. 163, § 16, p. 731), but has its provenance in statutes enacted in 1872 and amended in 1941. The California Legislature first created a statutory cause of action for prenatal injuries in 1872. Civil Code former section 29 abrogated ‘“the common law rule that an unborn child has no independent existence and, therefore, no right of action for injuries suffered before its birth.” (Young, supra, 41 Cal.3d at p. 892.) ‘“As originally enacted, [Civil Code former section 29] applied to all actions which might be brought after birth and thus did not provide any single statute of limitations for these actions. The applicable statutes of limitations were set forth in other statutes, depending on the nature of the cause of action. Furthermore, [Code of Civil Procedure] section 352, also enacted in 1872, established a general rule that the statute of limitations for most actions was tolled during the plaintiff’s minority.” (Ibid., fn. omitted.)
In Scott v. McPheeters (1939) 33 Cal.App.2d 629, 631 [92 P.2d 678], the court suggested in dictum that an action for prenatal injuries would be tolled during the child’s minority. To clarify that was not the legislative intent, at the next regular session, the Legislature amended Civil Code former section 29 to include a six-year limitations period, running from the date of birth, for actions alleging prenatal injuries. (Stats. 1941, ch. 337, § 1, p. 1579; see also Olivas v. Weiner (1954) 127 Cal.App.2d 597, 599 [274 P.2d 476].) The Legislature also amended Civil Code former section 29 ‘“to state expressly that [Code of Civil Procedure] section 352 tolling did not apply to actions brought under that statute.” (Young, supra, 41 Cal.3d at p. 892, italics added.)
Then, in 1992, the Legislature moved the limitations period of Civil Code former section 29 to the Code of Civil Procedure and reenacted it, without *451 substantive change, as Code of Civil Procedure section 340.4. (Stats. 1992, ch. 163, § 16, p. 731.) The part of Civil Code former section 29 that granted a right to sue for prenatal injuries was reenacted, without substantive change, as Civil Code section 43.1. (Stats. 1992, ch. 163, §4, p. 724.) Thus, since 1941, the statute of limitations for prenatal injuries has been six years, running from the date of birth, with no tolling during minority.
Now, we turn to the statute of limitations applicable to exposure to toxic substances. Section 340.8 was first enacted in 2004, introduced in the regular legislative session for 2003 and 2004 as Senate Bill No. 331 (Senate Bill No. 331). We granted Sony’s request to take judicial notice of the published legislative records for Senate Bill No. 331, including records and reports from both the Senate and Assembly Committees on Judiciary. The legislative records reveal a narrow and specific purpose for the enactment of section 340.8, having nothing to do with prenatal injuries.
Senate Bill No. 331 was described as an act to “codify the doctrine of ‘delayed discovery’ as it applies to the statute of limitations for filing a lawsuit for illness, injury or death caused by exposure to hazardous waste.” (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 331 (2003-2004 Reg. Sess.) as amended Apr. 29, 2003, p. 1.) The Senate Committee on Judiciary report explains that the only “existing law” to be affected by the enactment of the proposed new statute is the general personal injury limitations period codified at section 335.1. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 331 (2003-2004 Reg. Sess.) as amended Apr. 29, 2003, p. 2.)
The Senate Committee on Judiciary explained the genesis of Senate Bill No. 331 and the “[sjtated need” for the new statute as follows: “Last year, the Legislature extended the statute of limitations from one year to two years [(§ 335.1)] for suits alleging personal injury or death due to the wrongful act of another. (SB 688 (Burton), Ch. 488, Stats, of 2002.) Supporters of that bill argued that the one-year statute was one of the shortest limitation periods in the nation for such cases, and that its brevity encouraged needless litigation by forcing plaintiffs to rush to court to protect their rights, whereas a longer time period would favor settlement of claims prior to litigation. [¶] With this bill, [the sponsor] seeks to build on SB 688’s extended limitations period by codifying the ‘delayed discovery’ doctrine as it applies to suits for personal injury caused by hazardous substances.” (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 331 (2003-2004 Reg. Sess.) as amended Apr. 29, 2003, p. 3, underscoring omitted.)
The reports and records from the Assembly Committee on Judiciary reflect the same narrow focus. (See, e.g., Assem. Com. on Judiciary, Rep. on Sen. Bill No. 331 (2003-2004 Reg. Sess.) as amended June 26, 2003, pp. 1-9.)
*452 The uncodified portion of the final chaptered bill that added section 340.8 contains an express statement of legislative intent: “It is the intent of the Legislature to codify the rulings in Jolly v. Eli Lilly & Co. (1988) 44 Cal.3d 1103 [245 Cal.Rptr. 658, 751 P.2d 923], Norgart v. Upjohn Co. (1999) 21 Cal.4th 383 [87 Cal.Rptr.2d 453, 981 P.2d 79], and Clark v. Baxter HealthCare Corp. (2000) 83 Cal.App.4th 1048 [100 Cal.Rptr.2d 223], in subdivisions (a) and (b) of Section 340.8 of the Code of Civil Procedure, as set forth in this measure, and to disapprove the ruling in McKelvey v. Boeing North American, Inc. (1999) 74 Cal.App.4th 151 [86 Cal.Rptr.2d 645], to the extent the ruling in McKelvey is inconsistent with paragraph (2) of subdivision (c) of Section 340.8 of the Code of Civil Procedure, as set forth in this measure.” (Stats. 2003, ch. 873, § 2, p. 6399.) Section 340.8, subdivision (c)(2) provides: “Media reports regarding the hazardous material or toxic substance contamination do not, in and of themselves, constitute sufficient facts to put a reasonable person on inquiry notice that the injury or death was caused or contributed to by the wrongful act of another.”
It was the holding in McKelvey v. Boeing North American, Inc., that the Legislature intended to override by enactment of section 340.8, in addition to codifying the applicability of the delayed discovery rule for toxic exposure cases generally. Jolly v. Eli Lilly & Co., Norgart v. Upjohn Co., and Clark v. Baxter Healthcare Corp. all concerned application of the common law delayed discovery rule with respect to the accrual of personal injury or wrongful death claims under former section 340, subdivision (3) (the former one-year limitations period for general personal injury claims). McKelvey v. Boeing North American, Inc. held media reports put plaintiffs on inquiry notice of the link between exposures and resulting injury, which the Legislature expressly disapproved by enacting section 340.8.
Plaintiff, relying primarily on Nguyen, argues that section 340.8 is the later-enacted, and more specific statute, which applies to “any” action for injuries based on exposure to toxic substances, and the statute was therefore intended to supplant section 340.4 in actions alleging prenatal injuries caused by exposure to toxic substances. We are not persuaded the Legislature intended to make such a big change in such an obscure way.
As the Supreme Court has explained, “[w]e do not presume that the Legislature intends, when it enacts a statute, to overthrow long-established principles of law unless such intention is clearly expressed or necessarily implied.” (People v. Superior Court (Zamudio) (2000) 23 Cal.4th 183, 199 [96 Cal.Rptr.2d 463, 999 P.2d 686].) It is well settled that “[t]he law shuns repeals by implication. [Citation.] In fact, ‘ “[t]he presumption against implied repeal is so strong that, ‘To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two *453 cannot have concurrent operation. The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together.’ ” ’ [Citation.]” (Stop Youth Addiction, Inc. v. Lucky Stores, Inc. (1998) 17 Cal.4th 553, 569 [71 Cal.Rptr.2d 731, 950 P.2d 1086]; see also Anson v. County of Merced (1988) 202 Cal.App.3d 1195, 1202 [249 Cal.Rptr. 457] [where ‘“Legislature did not address the potential conflict” between Gov. Code, § 945.6 and Code Civ. Proc., § 340.5, reasonable inference is that the Legislature intended the earlier statute to ‘“remain in full force and effect”].)
When section 340.8 was enacted in 2004, the six-year limitations period for prenatal injuries had been in existence for six decades, along with the corresponding provision that tolling under section 352 did not apply to extend the limitations period for actions alleging birth or prebirth injuries. The timeworn principles of statutory interpretation recited above simply do not support the conclusion that the Legislature intended to overthrow that longstanding law, without expressly saying so, and having expressed an entirely different purpose for enacting section 340.8. (See Whitman v. American Trucking Assns., Inc. (2001) 531 U.S. 457, 468 [149 L.Ed.2d 1, 121 S.Ct. 903] [rejecting claim that Clean Air Act (42 U.S.C. § 7401 et seq.) grants authority to the Environmental Protection Agency to consider costs in setting national air quality standards in the absence of clear statutory language that was the congressional intent; ‘“Congress . . . does not . . . hide elephants in mouseholes.”].)
Plaintiff’s contrived interpretation not only fails to give effect to the legislative intent behind both statutes as reflected in the legislative history, but it also fails to respect our mandate to harmonize conflicting statutes “ ‘ ‘“with reference to the whole system of law” ’ ” of which they are a part. (Michael G., supra, 44 Cal.3d at p. 296.)
In 1941, the Legislature struck a balance as to the appropriate limitations period for prenatal injury claims, settling on the relatively long six-year limitations period for injured minors to assert their claims, but protecting defendants against the assertion of stale claims by expressly prohibiting tolling during the period of minority which could result in a limitations period in excess of 20 years. In 1954, the common law delayed discovery rule was held to apply to actions for prenatal injuries, ameliorating any harsh effects of the prohibition on section 352 tolling. (Myers v. Stevenson (1954) 125 Cal.App.2d 399, 407 [270 P.2d 885]; see also Young, supra, 41 Cal.3d at pp. 892-893.)
In 2004, the Legislature enacted section 340.8 on the heels of its enactment, a year earlier, of a new two-year limitations period for general personal injury claims (§ 335.1). The Legislature plainly expressed that its purpose in *454 enacting section 340.8 was to incorporate the two-year limitations period of section 335.1 for toxic exposure cases, to codify the delayed discovery rule for those cases, and to disapprove the holding in McKelvey v. Boeing North American, Inc., supra, 74 Cal.App.4th 151.
We are not persuaded by plaintiffs argument that we should read subdivision (d) of section 340.8 to mean the opposite of what it says. Subdivision (d) of section 340.8 provides: “Nothing in this section shall be construed to limit, abrogate, or change the law in effect on the effective date of this section with respect to actions not based upon exposure to a hazardous material or toxic substance.” Plaintiff argues the “clear import” of this language is that the Legislature intended to change the law in effect with respect to all claims based on exposure to toxic substances, including prenatal exposures. We read subdivision (d) to mean only that section 340.8 does not change any law except that it codifies the delayed discovery rule in personal injury cases based on toxic exposures that were previously governed by the two-year limitations period of section 335.1. Subdivision (d) states a limited purpose, not an expansive sweep.
Nor do we find any merit in plaintiffs reliance on Young, supra, 41 Cal.3d 883, as support for the notion that subdivision (d) of section 340.8 expresses a legislative intent to cover all personal injury claims arising from toxic exposures, including prenatal exposures. In Young, the Supreme Court was asked to determine whether section 340.4, or section 340.5 regarding medical negligence claims, governed an action alleging prenatal injuries arising from medical negligence. The court concluded that section 340.5 specified the applicable limitations period, reasoning that “section 340.5 is a later-enacted statute, intended to cover all personal injury claims arising from medical malpractice. That statute was adopted as a response to a perceived ‘major health care crisis in the State of California attributable to skyrocketing malpractice premium costs and resulting in a potential breakdown of the health delivery system . . . .’ [Citation.]” {Young, at p. 894.)
Central to the court’s analysis was the fact that section 340.5 was part of a comprehensive and “interrelated legislative scheme enacted to deal specifically with all medical malpractice claims” and “to treat all malpractice victims differently from other personal injury victims.” {Young, supra, 41 Cal.3d at p. 894.) Moreover, the statute contains express language pertaining to claims by minor plaintiffs. (§ 340.5 [“Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant’s insurer or health *455 care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence.”].)
Unlike the medical malpractice statute of limitations construed in Young, section 340.8 was not enacted as part of a comprehensive legislative scheme. The statute contains no express language concerning minor plaintiffs. And, we repeat, the legislative history plainly demonstrates that the statute was only intended to codify the delayed discovery rule as to toxic exposure cases previously governed by the general personal injury statute (§ 335.1), and to reject the holding of McKelvey v. Boeing North American, Inc. It had a narrow focus and was not at all concerned with prenatal claims as to which section 335.1 did not apply.
Plaintiff further argues that in crafting section 340.8, the Legislature specifically used the broad and inclusive phrase ‘“any civil action . . . based upon exposure to a . . . toxic substance” in describing the scope of the statute, and carved out only two exemptions from that coverage in subdivision (c)(1). Section 340.8, subdivision (c)(1) provides: ‘“A ‘civil action for injury or illness based upon exposure to a hazardous material or toxic substance’ does not include an action subject to Section 340.2 or 340.5.” Section 340.2 governs claims related to asbestos exposure, and section 340.5 governs claims related to medical negligence. Plaintiff contends the omission of actions governed by section 340.4 in the list of exemptions defining the phrase ‘“any civil action” demonstrates that the Legislature intended to overthrow the limitations period of section 340.4 for actions for prenatal injuries caused by exposure to toxic substances. Plaintiff cites the rule of construction expressio unius est exclusio alterius, which provides that “ ‘where exceptions to a general rule are specified by statute, other exceptions are not to be implied or presumed.’ ” (Michael G., supra, 44 Cal.3d at p. 291.)
However, the rule “ ‘is inapplicable where its operation would contradict a discernible and contrary legislative intent. [Citation.]’ [Citations.]” (Michael G., supra, 44 Cal.3d at p. 291.) In Michael G., the court rejected the argument that the juvenile court’s broad authority to hold wards in contempt, pursuant to Welfare and Institutions Code section 213, had been impliedly proscribed by the Legislature’s enactment of two more-specific statutes (Welf. & Inst. Code, §§ 207, 601, subd. (b)), one of which enumerated the circumstances for the ‘“secure detention” of wards, omitting incarceration under section 213 as a sanction for contempt of court. (Michael G., at pp. 289-294.) Michael G. nevertheless refused to apply the rule of expressio unius est exclusio alterius, concluding it would be improper to infer a legislative intent to proscribe the juvenile court’s fundamental contempt power under section 213, a statute which had been around ‘“in some form for decades.” (Michael G., at pp. 293-294.)
*456 Similarly, application of the rule of construction here would be contrary to the plain legislative intent behind both statutes. Moreover, application of the rule would lead to absurd results. If plaintiffs interpretation were correct, then (1) actions for prenatal injuries caused by exposure to asbestos would have a one-year limitations period under section 340.2, tolled only by delayed discovery; (2) actions for prenatal injuries caused by exposure to all other toxic substances would have a 20-year limitations period under section 340.8, tolled during minority by section 352; and (3) all other actions for prenatal injuries (i.e., injuries not caused by exposure to asbestos or any other toxic substance) would be governed by the six-year limitations period of section 340.4, tolled only by delayed discovery. Nothing in the language or legislative history of section 340.8 suggests the Legislature perceived a need to distinguish among actions for prenatal injuries depending on whether they were caused by exposure to asbestos, or to a toxic substance other than asbestos, or not caused by any toxic exposure. We decline to interpret section 340.8 in a way that would lead to such an absurd result.
DISPOSITION
The judgment entered in favor of defendant and respondent Sony Electronics, Inc. is affirmed. Defendant and respondent to recover costs on appeal.
Bigelow, P. L, concurred.

 All undesignated section references are to the Code of Civil Procedure.

 Section 352, subdivision (a) provides: “If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335) is, at the time the cause of action accrued either under the age of majority or lacking the legal capacity to make decisions, the time of the disability is not paid of the time limited for the commencement of the action.”