Filed 12/29/20  Marriage of Rowe CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of TAMAYO and GARY ROWE. | B287034 |
| ——————————————— | (Los Angeles County Super. Ct. No. YD061119) |
| TAMAYO ROWE, | |
| Respondent, | |
| v. | |
| GARY ROWE, | |
| Appellant. | |

APPEAL from a judgment and orders of the Superior Court of Los Angeles County, Glenda Veasey, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Gary Rowe, in pro. per., for Appellant.

Tamayo Rowe, in pro. per., for Respondent.

Gary Rowe (husband) appeals a judgment and orders in a marital dissolution proceeding.  He contends the trial court erred in declaring him a vexatious litigant and subjecting him to a prefiling order (Code Civ. Proc., § 391.7),[1] in striking his multiple statements of disqualification against the commissioner (§ 170.3), in awarding him merely $750 per month in spousal support from Tamayo Rowe (wife), and in entering an order after hearing with regard to his request for an order (RFO) seeking a modification of custody.

We reject husband's contentions and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The parties were married in July 1994 and separated in March 2012.  There are two children born of the marriage, only one of whom is still a minor, born in 2007.

On April 22, 2016, the parties stipulated that wife was permitted to move from California to Texas with the minor.

On December 8, 2016, the court entered a dissolution judgment and ordered custody and visitation pursuant to the parties' stipulation.

On January 4, 2017, trial was held on the reserved issues of child support and spousal support.

On July 24, 2017, wife filed an RFO seeking to deem husband a vexatious litigant.  Wife's papers stated:  "[Husband] has filed eight (8) ex parte applications in the last five weeks.  Each filing is meritless, and has been filed solely to delay [her] court approved move to Texas with the minor child.  [Husband] is attempting to relitigate the Judgment entered December 8, 2016.

---

[1]     All undesignated statutory references are to the Code of Civil Procedure.  Also, all rule references are to the California Rules of Court.

The Judgment awards [wife] physical custody of the minor child, and gives her permission to move to Texas.  This is a final judgment.  [Husband] is attempting to relitigate the issue of custody, and stop the move away to Texas."

Husband filed three statements of disqualification against the commissioner, on July 26, 2017, September 5, 2017, and September 18, 2017.  The court struck all three statements of disqualification.

On October 17, 2017, the parties appeared before the court on various matters, including an RFO by husband for modification of custody, wife's request to enter a proposed judgment generated as a result of the January 4, 2017 trial on reserved issues, and wife's RFO to deem husband a vexatious litigant.

On October 17, 2017, after hearing the matter, the trial court entered an order deeming husband a vexatious litigant and subjecting him to a prefiling order.

On October 17, 2017, the trial court also entered a judgment on reserved issues with respect to child support and spousal support.  Effective January 15, 2017, husband was ordered to pay wife $831 per month in child support, and wife was ordered to pay husband $750 per month in spousal support, for a net payment to wife of $81 per month.

On November 27, 2017, the trial court entered its "Findings and Orders After [the October 17, 2017] Hearing" (hereafter, the November 27, 2017 order).  Based on husband's numerous ex parte applications, disqualifications and other filings, which the trial court found were aimed at preventing the move away to which husband previously had stipulated, the trial court found that husband was a vexatious litigant within the meaning of

3

section 391.  The order also denied husband's RFO for modification of custody because "no declaration with supporting facts was filed with the request."

Husband filed three notices of appeal, all of which appear to be timely.[2]  He appealed the October 17, 2017 order subjecting him to a prefiling order, which is appealable under section 904.1, subdivision (a)(6) as an order granting an injunction.  (*Luckett v. Panos* (2008) 161 Cal.App.4th 77, 90.)  He appealed the October 17, 2017 judgment on reserved issues, which is appealable as a judgment.  (Eisenberg et al., Cal. Prac. Guide:  Civil Appeals & Writs (The Rutter Group 2020) ¶ 2:64 (Eisenberg).)  He also appealed the November 27, 2017 order after hearing, which is appealable as a postjudgment order.  (Code Civ. Proc., § 904.1, subd. (a)(2).)

## CONTENTIONS

Husband contends:  (1) the vexatious litigant prefiling order must be reversed; (2) the judgment on reserved issues concerning spousal and child support must be reversed and a new family law trial for spousal and child support must be ordered; (3) the November 27, 2017 order must be reversed and a new custody trial should be ordered; and (4) all three rulings are null and void because the commissioner was lawfully disqualified before she issued them.

## DISCUSSION

1.  *Judicial disqualification determination is not reviewable on appeal.*

Section 170.3, subdivision (d), states in relevant part:  "The determination of the question of the disqualification of a judge is

---

[2]     On the court's own motion, the appeals were consolidated under case number B287034.

4

not an appealable order and may be reviewed only by a writ of mandate from the appropriate court of appeal sought only by the parties to the proceeding." This provision "specifies the exclusive appellate remedy with regard to a statutory claim that the superior court erred in . . . denying a motion to disqualify a judge. [Citations.]" (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063; accord, *People v. Hull* (1991) 1 Cal.4th 266, 275; see, generally, Eisenberg, *supra*, ¶ 2:259.3.)[3]

Thus, husband's "contention regarding the [commissioner's] disqualification is not properly raised in this appeal." (*Roberts v. County of Los Angeles* (2009) 175 Cal.App.4th 474, 487.)

2. *No error with respect to the vexatious litigant prefiling order.*

a. *Pertinent statutes.*

Section 391, subdivision (b), defines the term "vexatious litigant" as including "a person who does any of the following: [¶] . . . . [¶] (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."

Section 391.7, which authorizes the entry of a prefiling order against a vexatious litigant, states in relevant part: "(a) In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new

---

[3]      We note that husband did avail himself of the statutory remedy by filing two petitions for writ of mandate challenging the disqualification rulings. (B285238 & B285451.) Both petitions were summarily denied.

litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."

   b. *Trial court's ruling.*

  In deeming husband to be a vexatious litigant, the trial court made the following findings:

  From June 2017 to October 5, 2017, husband had given notice of 11 ex parte custody applications, all the ex parte applications were denied, and "no exigent circumstances existed." All the ex parte applications involved "similar or substantially the same requests over and over." Husband brought the ex parte applications in an attempt to prevent the move away to which he previously had stipulated. After the ex parte custody applications were denied, husband failed to file any duly noticed requests for orders to have the court consider the same. In addition, during the previous 60 days, husband had filed three statements of disqualification against the commissioner, all of which had been denied. Husband also had filed two writ petitions during the past 60 days, both of which had been denied. Husband's ex parte custody applications, statements of disqualifications, and writ petitions during the past five months qualified him as a vexatious litigant within the meaning of section 391.

   c. *Husband's arguments concerning the prefiling order are meritless.*

    (1) *Alleged violation of his right to present live testimony at the hearing.*

  Section 391.2, with respect to the scope of the hearing to determine whether a party is a vexatious litigant, states in relevant part: "At the hearing upon the motion the court shall

consider any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion."

Husband contends the trial court deprived him of due process and of his statutory right to present oral testimony, by refusing to conduct an evidentiary hearing on wife's request to deem him a vexatious litigant. The argument fails.

The record reflects that at the hearing on the motion, husband objected that wife, the movant, was not present. The trial court responded: "This is not an evidentiary hearing." Husband stated, "Well, I filed a responsive declaration or requested to hear witnesses." The trial court stated: "Show me a request for a 217[4] or an evidentiary hearing[5] on this R.F.O. I have received none." Husband replied, "I filed a responsive declaration on September 6th. I filed a response. With the response, I filed a witness list." The trial court stated: "That's a supplemental declaration on your R.F.O. for temporary visitation. That's a separate R.F.O."

The trial court's understanding of the record was correct. The witness list that husband filed on September 6, 2017 was in connection with a request by him for a temporary visitation order. Husband's responsive papers indicated that he sought to

---

[4]     Family Code section 217 states in relevant part at subdivision (c): "A party seeking to present live testimony from witnesses other than the parties shall, prior to the hearing, file and serve a witness list with a brief description of the anticipated testimony."

[5]     Rule 5.113(e) requires a party seeking to present live testimony at a hearing on an RFO to serve a witness list "along with the request for order or responsive papers."

7

call wife and her attorney, Nadine Jett, to testify regarding *custody* issues.

Because husband did not file a request for live testimony prior to the hearing that would determine whether he should be deemed a vexatious litigant, we reject his claim that his due process and statutory rights were violated by the trial court's refusal to conduct a live evidentiary hearing in that matter.

Moreover, an appellant's failure to make an adequate offer of proof in the court below ordinarily precludes consideration on appeal of an allegedly erroneous exclusion of evidence. (Evid. Code, § 354; *Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 282.) Husband fails to specify where in the record he successfully preserved his evidentiary claim of error, and also fails to demonstrate how any claim of error in the trial court's exclusion of evidence would have made any difference in the outcome. (Evid. Code, § 354.)

(2) *Husband's arguments regarding the ex parte applications.*

Husband contends the trial court erred in deeming him a vexatious litigant based on his bringing the ex parte applications "because the family court refused to hear [the] ex parte applications."

This argument is unsupported by the record. As indicated, the trial court did rule on the ex parte applications. The trial court denied the ex parte applications for lack of exigent circumstances that would justify proceeding on an ex parte basis. (See rule 5.151(b) ["The purpose of a request for emergency orders is to address matters that cannot be heard on the court's regular hearing calendar"].)

8

Similarly, husband contends the trial court erred in relying on the ex parte applications to deem him a vexatious litigant because the trial court refused to consider the merits of his ex parte applications.

We likewise reject this contention.  To reiterate, the trial court did consider the merits of husband's numerous ex parte applications.  It denied the applications because husband failed to show exigent circumstances that would warrant proceeding on an emergency basis.

(3)  *The October 17, 2017 prefiling order was proper.*

Husband contends the October 17, 2017 prefiling order was unlawfully issued because wife's moving papers, which sought an order deeming him a vexatious litigant, did not specifically request a prefiling order and the trial court improperly entered the prefiling order on its own motion.

The argument is meritless.  First, as set forth above, section 391.7, subdivision (a), authorizes a court to enter a prefiling order against a vexatious litigant "*on its own motion* or the motion of any party."  (Italics added.)

Moreover, wife's moving papers asked that husband be ordered "to have permission from the presiding judge prior to filing another Request for Order regarding child custody or visitation."  (Clerk's Tr. filed Aug. 28, 2018, p. 686.)  Thus, wife's papers specifically requested the issuance of a prefiling order, and the trial court issued such an order on October 17, 2017.  The prefiling order (Judicial Council Form No. MC-700) prohibits husband, unless represented by counsel, from filing any new litigation in the courts of California without approval of the

9

presiding justice or presiding judge of the court in which the action is to be filed.[6]

Thereafter, in its November 27, 2017 order, the trial court included a provision that husband "shall first obtain the permission of the presiding judge of Family Law, prior to filing another Request for Order regarding custody or visitation." This provision applied the October 17, 2017 prefiling order to the circumstances of the existing family law case.

In sum, we reject husband's challenges to the vexatious litigant prefiling order.

---

[6] Husband asserts the fact the prefiling order was approved on the day of the hearing is "strong circumstantial evidence" of unlawful ex parte communication between the commissioner and wife's former attorney. The argument is meritless. The transcript of the hearing reflects that the court directed wife's counsel to prepare orders in the matters that were heard that day. The MC-700 order was signed and filed later that day. Although husband contends he was not given the usual time under rule 5.125 to review and object to the proposed order before its entry, rule 5.125 provides "[t]he court may also modify the timelines and procedures in this rule when appropriate to the case." Here, given husband's numerous meritless filings, the court reasonably could conclude that the mandatory MC-700 prefiling order should be processed promptly so as to achieve its purpose.

3. *No showing of an abuse of discretion with respect to the amount of spousal and child support.*

a. *Trial court's ruling.*

*Child support.* The trial court directed husband to pay wife $831 per month in child support until the minor reached the age of majority, based on imputed wages to husband of $6,250 per month and wife's wages of $10,483 per month.

*Spousal support.* The trial court stated that it had considered the factors set forth in Family Code section 4320. It awarded husband spousal support of $750 per month until further order of court or termination by law, based on the following factors: this was a marriage of long duration; husband is 58 years old and in good health; his ability to work has not been impaired by domestic duties; wife's wages are currently $10,483 per month; the parties received equal marital assets by way of the stipulated judgment entered in December 2016; pursuant to the stipulated judgment, the marital standard of living was $85,000 per year; wife is the primary source of support for the parties' minor child and for their adult child attending college; based on the evidence presented, husband has an ability to earn $75,000 per year and there are job opportunities available to him.

Given the difference between the child support award to wife of $831 per month and the spousal support award to husband of $750 per month, the judgment on reserved issues provided that a wage and earnings assignment order in the sum of $81 per month would issue against husband.

11

b. *Standard of appellate review.*

"The duty of a parent to support the parent's child or children is a fundamental parental obligation" (*Moss v. Superior Court* (1998) 17 Cal.4th 396, 405), and we review a trial court's award concerning child support for an abuse of discretion, bearing in mind the strong public policy in favor of adequate child support. (*In re Marriage of Leonard* (2004) 119 Cal.App.4th 546, 555.)

Similarly, we review spousal support orders under the deferential abuse of discretion standard. (*In re Marriage of Blazer* (2009) 176 Cal.App.4th 1438, 1443.) " 'As long as the court exercised its discretion along legal lines, its decision will be affirmed on appeal if there is substantial evidence to support it.' [Citations.] 'To the extent that a trial court's exercise of discretion is based on the facts of the case, it will be upheld "as long as its determination is within the range of the evidence presented." ' [Citation.]" (*Ibid.*)

c. *Husband has forfeited his contention concerning the amount of child and spousal support that was ordered.*

Husband asserts: "Concerning an 18-year marriage, how is it possible to end up with a spousal and child support order in which the party (myself) that earns less than $1,000 per month is supposed to pay money to the party (Ms. Rowe) that earns more than $10,000 per month? The answer comes from imputing more income to the party earning less than $1,000 per month than he's ever made in his life."

The problem with husband's argument is that it disregards the adverse evidence and fails to brief the issue in light of the applicable standard of review. The evidence before the trial court included a vocational examination that showed the following:

12

husband has an MBA in finance from USC as well as 10 years of corporate financial experience; he has the ability to work full time as a senior financial analyst or accountant; and the median wage for a financial analyst with six years experience is $73,532 per year. Because husband makes no effort to discuss the evidence contrary to his position, let alone analyze it in light of the applicable standard of review, he has forfeited his contention that the trial court erred in imputing to him an income of $75,000 per year. (See *Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881.)

           d. *No merit to husband's other arguments concerning spousal and child support.*

Husband asserts the October 17, 2017 judgment on reserved issues concerning spousal and child support is "not what the court ordered." It is difficult to understand this contention, given that the October 17, 2017 judgment on reserved issues was signed by the commissioner and filed that date, and thus this judgment is exactly what the court ordered. Moreover, husband's opening brief does not identify any discrepancy, either substantive or nonsubstantive, between any earlier version of the proposed judgment and the judgment on reserved issues concerning spousal and child support that was entered on October 17, 2017. Therefore, the argument is unavailing.

Husband also contends he is entitled to an adjustment or correction for underpaid support because wife used to pay him $1,233 per month in spousal and child support, but she has not made any support payments since January 15, 2017.[7] It is

---

[7]     In his responsive declaration filed August 2, 2017 regarding the proposed judgment on reserved issues of child and spousal support, husband stated: "14. As per the October 3, 2012 orders

13

difficult to comprehend husband's argument in this regard. We note that the judgment on reserved issues has an effective date of January 15, 2017—as of that date, husband is obligated to pay wife $831 per month in child support, and she is obligated to pay him $750 per month in spousal support, for a net payment to her of $81 per month. Therefore, it does not appear that husband was entitled to a continued support payment of $1,233 per month subsequent to January 15, 2017.

4. *Husband's contention regarding the November 27, 2017 order is unintelligible.*

With respect to the November 27, 2017 order, husband's opening brief states his appeal "seeks to overturn this order, and to order a new family law trial for child custody." However, husband's arguments concerning the November 27, 2017 order are simply unintelligible.

By way of background, on August 23, 2017, husband filed an RFO to change visitation for the next year, "while [the minor] lives in Texas and [husband] live[s] in California." The RFO sought temporary visitation orders with respect to Columbus Day weekend, Thanksgiving week, and the Christmas holiday in 2017, as well as President's Day weekend, spring break and summer break in 2018. With respect to supporting facts, the RFO stated: "Supporting declaration will be filed at a later date."[8]

---

of the court, [wife] is required to pay me $1233 per month in spousal and child support, which she hasn't paid since January 15, 2017."

[8] Although husband filed his RFO re temporary visitation on August 23, 2017, he waited until October 10, 2017, one week before the hearing on the RFO, to file a supporting declaration.

On the issue of child custody, the November 27, 2017 order simply states: "B. [Husband's] Request for Orders re Modification of Custody: [¶] 1. [Husband's] Request for Order was fatally defective in that no declaration with supporting facts was filed with the request. [Husband's] Request for Order is denied."

Although husband seeks to overturn the November 27, 2017 order, at this juncture any issues relating to visitation during 2017/2018 appear to be moot. Moreover, the November 27, 2017 order did nothing more than deny husband's RFO re temporary visitation for lack of a supporting declaration. Thus, there is no merit to husband's contention that the November 27, 2017 order should be reversed and the matter remanded for "a new family law trial for child custody."[9]

---

The trial court properly ruled the declaration was untimely and that the delay precluded wife from being able to respond to it.

[9] On December 4, 2020, shortly before oral argument, this court granted husband permission to file an amended reply brief with additional citations to the record. The matter was argued and taken under submission on December 7, 2020. On December 10, 2020, husband sought to file a letter captioned "Additional Authorities and Citations for Opening Brief." Because the matter already had been fully briefed, and had been argued and taken under submission, that filing was disallowed.

15

## DISPOSITION

The October 17, 2017 vexatious litigant prefiling order, the October 17, 2017 judgment on reserved issues concerning spousal and child support, and the November 27, 2017 postjudgment order are affirmed. Wife shall recover her appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.

16